Although the particular act here in question was not involved in either of the cases cited, the reasoning is directly applicable as to the effect of a general upon a local law. In People v. Dalton, 158 N. Y. 204, 212, 52 N. E. 1119, it was said that the law of 1896 applies to the city of New York; but, apart from cases, it is only necessary to take the language of the act of 1896 to reach a conclusion that its provisions are general and sweeping, and that it was intended by the legislature to have universal application within the state, —thus by implication repealing every local law inconsistent with its provisions. Though the act of 1896 was in express terms repealed by chapter 370 of the Laws of 1899, it will be seen, by a reference to sections 20 and 21 of that chapter, that the law of 1896 was re-enacted. However, the status and rights of the relator having been fixed and determined prior to the act of 1899, it is unnecessary to consider in what respect, if any, the language of the prior act has been modified or abrogated. People ex rel. Leet v. Keller, supra.

We think the order appealed from was right, and should be affirmed, with costs. All concur.

---

(30 Misc. Rep. 735.)

### FINIGAN v. BIEHL.

(Supreme Court, Appellate Term. March 9, 1900.)

1. NEGLIGENCE—INJURIES—LANDLORD AND TENANT—LIABILITY FOR REPAIRS— EVIDENCE.

Plaintiff was injured through the lack of repair of a grating over an area, located within the stoop line and close to the cellar wall of a house, by which light and ventilation were admitted to the cellar. *Held*, that evidence of a written lease of the premises was admissible on defendant's behalf for the purpose of showing that at the time of the accident the area was in the possession of a tenant who was responsible for repairs.

2. LEASE—CONSTRUCTION.

Whether an area not specifically referred to in a lease of a store and cellar is conveyed by the lease depends upon whether it is an incident, and so piece or parcel of the demised premises, or not.

Appeal from city court of New York, general term.

Action by Joseph Finigan, by Abraham Jacobs, guardian, against Frederick Biehl, for injuries. From a judgment for plaintiff, affirmed by the general term of the New York city court (61 N. Y. Supp. 1116), defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Edward P. Orrell, for appellant.
Abraham Levy, for respondent.

DUGRO, J. The defendant was the owner of a tenement house in which there was a store floor, and a cellar under it. The cellar was lighted and ventilated from the street through a small area which was covered with a grating leaded into a stone coping. The area was located within the stoop line and close to the cellar wall of the house. The plaintiff claims that he was injured through the lack of repair of the grating. Upon the trial the defendant endeavored to show that at the time of the injury to the plaintiff the area was in possession of a tenant, and, to aid him in his endeavor, he offered in evidence a written lease made by him of the store floor

and cellar, and duly excepted to a ruling excluding the paper. Upon the correctness of this ruling depends the result of this appeal. The liability of the defendant depends upon whether the area was in his possession at the time of the accident or not. Whether the lessee had only an easement of light and air through the area, or had the right of possession of the area, was a question of fact, dependent upon the intention of the landlord and tenant at the time of executing the lease. If the landlord conveyed by the lease merely an easement of light and air through the area, as appurtenant to the demised premises, the obligation to repair the area, which included the grating, was upon the landlord, as he retained possession of the area. If, however, the landlord conveyed by the lease the area itself, as part and parcel of the premises demised, the obligation of repair was on the tenant, as he became entitled to the possession of the area. The question of right of possession, as before said, depends upon the intention of the parties at the time of the execution of the lease; and this intention can be shown by a description of the premises, the terms of the lease, evidence of the circumstances attending its execution, and any later matters which would aid in throwing light upon the way in which the parties interpreted the lease. The lease was thus material evidence in order to enable the landlord to support his claim that the obligation of repair lay on the tenant. The mere fact that the area is not specifically referred to in the lease is by no means conclusive that it was not part and parcel of the demised premises; for the rule of law is that, where a house or store is conveyed by the owner thereof, everything then belonging to, and in use for, the house or store, as an incident or appurtenance, passes by the mere grant, and this is true of a lease. Doyle v. Lord, 64 N. Y. 432; Chaplin, Landl. & Ten. 82. As an appurtenance cannot be part of the land, it follows that the area itself could not be an appurtenance. It either passed with the premises leased, as part and parcel thereof, by virtue of the rule, or it remained with the landlord, and an easement merely passed as an appurtenance. There was evidence that the area belonged to, and was in use for, the cellar. The witness Ungrich testified that the area was for the purpose of admitting light to the cellar, and that the grating was for the protection of the window to the cellar, the same as a window guard. The witness Eckhard testified that it was the usual form of grating over such a window, and that the grating had been there 20 years. The depth of legal knowledge which the evidence of the former witness suggests makes his evidence remarkable. So far as the case shows, it seems that the area was solely for the use of the cellar, to which it afforded a passage for light and air. It may well be that the area, belonging to, and being in use for, the cellar, and being covered by a grating intended to be permanently affixed, was a mere incident to the cellar, and passed by a lease of it,—particularly in view of the fact that the only access to the area was through a window of the cellar. If, however, the area did not pass to the tenant as part and parcel of the premises leased, the tenant's right with respect to the area was covered by the term "appurtenances" in the lease, and was merely an easement of light, air, etc., which in no way gave him possession of the area. The landlord might

under such circumstances remove the area walls and grating, and, so long as it did not affect the tenant's easement, the tenant would have no just cause for complaint, because the term "appurtenances" did not give the tenant an interest in the area as land demised. The act of the landlord in repairing is merely evidence of his conduct subsequent to the lease, to be considered as it may bear upon the question of intention at the time of the lease, and does not of itself carry an obligation of continuous repair. If the lease had been admitted, the defendant might have shown that the area was an incident to the cellar and passed by the lease, as part and parcel of the premises demised, and so have shown that he was under no duty to keep the grating in repair.

It was therefore error to exclude the lease, and for this error the judgment must be reversed, and a new trial ordered, with costs to abide the event. All concur.