STUART W. MACKENZIE, Appellant, v. UNION RAILWAY COMPANY
OF NEW YORK CITY, Respondent.

*Negligence — stopping a street car and calling to a person to "come on," held not to render the railroad company liable for injuries caused by his falling into a ditch in the street.*

In an action to recover damages for personal injuries sustained by the plaintiff it appeared that the defendant operated a street railway on Third avenue, in the city of New York; that, pursuant to a permit from the city, a plumber dug a trench in the roadway of Third avenue, west of the defendant's tracks and about sixty or sixty-five feet south of One Hundred and Seventy-sixth street; that the trench extended from the curbstone on the west side of the street to or nearly to the westerly rail of the westerly track of the defendant's road; that it was about fifteen feet long from west to east, and two and a half feet wide; that the north and south sides thereof were unguarded save by embankments of earth, but that there was a light at the east end of the excavation.

It further appeared that on the night of the accident, which was rainy and foggy, the plaintiff, who was standing at the southwest corner of One Hundred and Seventy-sixth street and Third avenue, signaled to the motorman of one of the defendant's south-bound cars his desire to board the same; that the motorman immediately undertook to stop the car, but was unable to do so until it had proceeded to a point four or five feet south of the southerly line of the excavation; that the conductor cried, "come on," and that the plaintiff thereupon started diagonally across the roadway towards the rear platform of the car; that his view of the light at the east end of the trench was obstructed by the elevated railroad pillars, and that before he reached the car he stepped into the trench.

*Held,* that the complaint was properly dismissed;

That the call of the conductor was not an invitation to the plaintiff to proceed along the roadway of the street rather than along the sidewalk;

That, as the conductor had no reason to suppose that the plaintiff could not or did not see the light at the east end of the excavation, he was not guilty of negligence in failing to warn the plaintiff, as he approached the car, of the dangerous condition of the trench.

HATCH, J., dissented.

APPEAL by the plaintiff, Stuart W. MacKenzie, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 10th day of April, 1902, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

The action was originally brought against Frederick Weber and

the Union Railway Company of New York city, the complaint being dismissed as to both defendants. No appeal is taken from the dismissal of the complaint as to Frederick Weber.

*Franklin Pierce*, for the appellant.

*Arthur Ofner*, for the respondent.

Patterson, J. :

The plaintiff was injured by falling into an open trench in a public highway in the city of New York, while he was proceeding along such highway with the intention of entering upon a car belonging to the defendant, the Union Railway Company of New York city, then being operated by the servants of that company. The action was brought against that company and one Frederick Weber. It is charged in the complaint that Weber, a plumber by trade, had received from the city of New York a permit to open the west side of Third avenue, south of One Hundred and Seventy-sixth street in the borough of Bronx, in the city of New York, and to make an excavation in that avenue near such street, for laying a sewer or for "some other similar purposes;" that the defendant, the Union Railway Company, maintained and operated a street railway on Third avenue, between One Hundred and Thirtieth and One Hundred and Seventy-seventh streets, and ran its cars on such avenue, between those streets; that the railway company was a common carrier of passengers for hire; that Weber removed the stone pavement from the curb or gutter from the west side of Third avenue, south of One Hundred and Seventy-sixth street, to or near the railroad track of the defendant, and made the excavation; that this was done prior to the 17th day of December, 1898; that the defendant, the Union Railway Company, by its servants and agents, knew of the existence of the excavation or trench for some time prior to the day mentioned, on the evening of which day the plaintiff, standing at the corner of One Hundred and Seventy-sixth street and Third avenue, signaled the motorman in charge of one of the cars of the defendant to stop the car at such corner to enable him to become a passenger thereon; that the defendant, through its servants in charge of the car, negligently, carelessly and unskillfully failed to stop the car at the downtown crosswalk or usual place for stopping cars, at the

corner of One Hundred and Seventy-sixth street and Third avenue; that the motorman saw the plaintiff signal, and negligently, carelessly and unskillfully stopped the car so that the steps of the back platform, from which passengers entered the car, were so situated that said steps were directly over and on a line with or just past a deep excavation in the Third avenue, and that the plaintiff would have to step in the excavation before he could enter the car, and the defendant, the Union Railway Company of New York city, knew the excavation was in the avenue at said place, and knew it was a dangerous place at which to stop a car for plaintiff to get on; and that, in order to become a passenger on the car, the plaintiff had to cross or pass over such excavation, and the Union Railway Company carelessly and negligently stopped the car at the place; that there were no lights exposed to plaintiff's view, so as to warn him of the danger of entering the car at the place at which it was stopped; that the defendant, the Union Railway Company, had notice by its servants and agents in charge of the car of the existence of the hole or excavation by a red light which defendant's agents could see, but which light was so placed as to be concealed from the view of the plaintiff as he was about entering the car; and also had notice that there were no barriers around the excavation. The complaint then contains allegations charging Weber, the contractor, with negligence. The answer of the defendant, the Union Railway Company of New York city, put all the material allegations of the complaint in issue. The cause came to trial as against both defendants. It appears from the record before us, both from the clerk's minutes and from the judgment itself, that the case went to the jury upon the issue between the plaintiff and the defendant Weber, and that the jury specifically found that the plaintiff's negligence contributed to the happening of the accident and, therefore, they found a general verdict in favor of that defendant. As to the Union Railway Company of New York city the complaint was dismissed, and from the judgment entered upon such dismissal the plaintiff now appeals. It is the only defendant now before the court.

It is not claimed by the respondent that it can take advantage of the verdict of the jury which convicts the plaintiff of negligence contributing to the accident, and upon the record before us, in

view of some statements in the testimony of the plaintiff, we are of the opinion that as between the parties now before the court that issue, perhaps, if the case otherwise required it, should have been submitted to the jury. The main question, however, arising on the proofs is, whether there was anything done or omitted by the servants of the defendant in charge of the car constituting negligence, responsibility for which is imposed upon the respondent.

The facts are, that at about half-past five o'clock on the 17th of December, 1898, the plaintiff and James McMahon were standing at the southwest corner of One Hundred and Seventy-sixth street and Third avenue, where the plaintiff was waiting for a car going south. It was a rainy night and a fog was rising. After waiting some time the plaintiff observed a car of the defendant approaching from the north. It was a little above the north crossing of One Hundred and Seventy-sixth street when the plaintiff signaled it to stop. The signal was observed by the motorman, who immediately undertook to stop the car, but was unable to do so until it had proceeded to a point about sixty feet south of the southerly crossing of One Hundred and Seventy-sixth street. It then stopped and the conductor cried out, "Come on!" The plaintiff then started for the car, going out into the roadway of Third avenue, diagonally, as he said, towards the back platform of the car. Before he reached the car or could get to the rear platform he stepped into an excavation which had been made in the street. That excavation extended from the curbstone to or near to the westerly rail of the westerly track of the defendant's road. It is described as being distant some sixty or sixty-five feet south from the corner of One Hundred and Seventy-sixth street. It was about fifteen feet long, running west to east and was about two and one-half feet wide. On the north and south lines of it were embankments of earth. At the east end were two barrels standing on the surface of the street with a plank across them at the top, upon which was a light — whether it was a white or red light does not distinctly appear. There was no other protection on the north and south sides of the trench except the earth embankments. The plaintiff swears he saw no light; that his view of the light was obstructed by pillars of the elevated railway structure on the west side of Third avenue.

The situation of the car when it stopped and when the plaintiff approaching it fell into the trench is fixed by the plaintiff's witness McMahon at from four to five feet south of the southerly line of the excavation. The plaintiff's evidence upon that subject proves nothing. He says: "I cannot state within about how many feet I was of the step of the back platform at the time I fell into the excavation. I was right near it." He subsequently says that he feels quite sure that it was not a foot south of the southerly line of the trench; but it is obvious that that statement is a mere guess.

There is nothing in the proofs to show that the defendant railway company was in any way connected with the digging or the maintenance of the trench in the public street, or that it was charged with a duty to the public with respect to that street, or to establish that it could be held liable for a dangerous condition of the street, and therein the case differs from *Wolf* v. *Third Avenue R. R. Co.* (67 App. Div. 605). Nor can the defendant be held responsible for the failure to protect by barriers or to give warning by lights of the dangerous condition of the northerly line of the trench, if it were dangerous. Nor is it necessary to determine whether the plaintiff is to be considered as a passenger within the rulings in such cases as *Brien* v. *Bennett* (8 Car. & P. 724). The only attribution of negligence that can be made in this case is that the defendant's servants stopped the car at a dangerous place in the highway after having invited the plaintiff to enter upon the car, knowing that it was a dangerous place, and failing to give warning to the plaintiff that it was dangerous. The point at which the car stopped was not the usual stopping place. It stopped, however, at the signal of the plaintiff. The call of the conductor was, doubtless, an invitation to the plaintiff to enter the car, but it was not an invitation to the plaintiff to proceed along the roadway of the street rather than upon the sidewalk. The plaintiff chose his own route along the roadway; he did not choose it either under the direction or guidance of the conductor, and it would be extending the rule of liability far beyond what has been adjudged in any case to which our attention has been called to hold that a street railway company guarantees or insures the safety of a public highway along which an intending passenger chooses to move, in order to reach a car which has over-run its usual stopping place and is waiting for that intending pas-

senger to enter. The general rule of law that a street railway company is bound to ordinary care in furnishing a safe place to passengers to enter upon or alight from its cars is well established; but there is nothing in this proof to show that the car was not at a safe place, unless we are to be controlled by the unsupported guess of the plaintiff as to the exact point at which the car stopped; and even if he were right in that guess, there is nothing which can charge the conductor of the car with negligence in not warning the plaintiff as he approached the car of the dangerous condition of the trench, for, from the place at which he stood upon the rear platform, there was no appearance of danger. There was a light at the east end of the excavation. It was apparently safe. The conductor had no reason to suppose that the plaintiff did not see the light, or that his vision was obscured by the posts of the elevated railway structure.

We do not find in the evidence in this case a violation of the rule which requires the exercise of ordinary care in the selection of a suitable place for the plaintiff to enter upon a car, and, for that reason, the judgment dismissing the complaint as to the present respondent should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ., concurred; HATCH, J., dissented.

Judgment affirmed, with costs.