## THOMAS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  October 27, 1911.)

1. MUNICIPAL CORPORATIONS (§ 784*)—UNCOVERED MANHOLES—INJURY TO PEDESTRIANS—LIABILITY.

A city is not liable for injury to a pedestrian, who stepped into an uncovered manhole in a gutter, where the cover was sufficiently heavy to remain in place unless lifted, and it does not appear to have resulted in previous accident, and where it is not shown who removed the cover, or how long it had been removed.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 784.*]

2. MUNICIPAL CORPORATIONS (§ 788*)—OBSTRUCTION CREATED BY THIRD PERSON—INJURY TO PEDESTRIAN—LIABILITY.

To charge a municipality for injury happening to a pedestrian in a street from an unlawful obstruction placed therein by a third person without authority, it must appear that the municipality had notice, express or implied, of such obstruction before the accident, and reasonable time after the notice and before the injury in which to have abated the nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1641–1643; Dec. Dig. § 788.*]

3. MUNICIPAL CORPORATIONS (§ 762*)—OBSTRUCTION CREATED BY THIRD PERSON—INJURY TO PEDESTRIAN—LIABILITY.

Generally, a municipality need not anticipate violations by third persons of a law or ordinance relating to its streets, enacted to secure their safety and an unobstructed right of passage.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1605–1611; Dec. Dig. § 762.*]

Thomas, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Anna Thomas against the City of New York. Judgment dismissing complaint, and plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Franklin Taylor, for appellant.

James D. Bell (Frank Julian Price, on the brief), for respondent.

WOODWARD, J.  [1] The plaintiff, being nonsuited, is entitled to the most favorable view of the evidence, and this shows that on the 13th day of October, 1907, at 7:10 p. m., the plaintiff was walking with her husband and three children across the plaza in Prospect Park. There was a grass plot, surrounded by a walk, with a curb and gutter outside of the walk.  In the practical construction of this gutter there was a manhole, the exact size of which is not disclosed by the evidence, and this was originally covered by an oblong grating, conforming to the curve of the gutter, weighing about 15 pounds.  At the time plaintiff reached this point, and with her husband a few feet in advance, this grating was not over the manhole, as it was designed to be, and the plaintiff walked into the hole and was painfully injured. It was just between darkness and daylight, the electric lights being lit, and it may be assumed that the plaintiff was free from negligence

---

*For other cases see same topic & § NUMBER in Dec. & Am. Dig., 1907 to date, & Rep'r Indexes

contributing to the accident, as she had no reason to anticipate the opening.

It was conceded by the pleadings that the city of New York had maintained the covering upon this manhole for a period of several months without any other fastening than the weight of the grating placed in the slot designed to keep the same at the common level of the gutter, and while there was some testimony as to methods which might be used to fasten these manhole covers, there was no evidence that any city had ever made use of these fastenings for the purpose of fastening gutter grates in a situation such as was here involved, or that in the use of such gutter grates in the city of New York any reason existed for anticipating danger from their removal by any accidental cause. So far as appears from the evidence, these gutter grates were adapted to the use to which they were put, had never resulted in an accident, and there was no reason to anticipate that they would get out of place by any of the proper uses of the highway in which they were placed. This particular grate, with others, had been maintained for months without accident, and the evidence suggests no way in which this grating, weighing 15 pounds, could be removed from its slot in the gutter without lifting the same out bodily. This being the case, and there being no evidence as to the person who removed the same, or the length of time which it had been out of place, the municipality cannot be held liable, and the learned court properly dismissed the complaint.

[2, 3] The rule is well established that, in order to charge a municipality for an injury happening to a third person using a street therein from an unlawful obstruction placed therein by a stranger without authority, it must appear that it had notice, express or implied, of the existence of the obstruction before the accident, and that a reasonable time had elapsed subsequent to the notice and before the injury, during which it could have abated the nuisance; and it is likewise the general rule that a municipality is not bound to anticipate infractions· by third persons of the law or ordinances relating to its streets, enacted to secure their safety and an unobstructed right of passage. Farley v. Mayor, etc., 152 N. Y. 222, 226, 46 N. E. 506, 57 Am. St. Rep. 511. Here there was no evidence to show that the grating had been out of place for a period of one minute. For all that appears in the evidence, the covering may have been in place up to the very moment that the plaintiff came in sight of the spot, for there is no evidence whatever upon the point. There was a time when this cover is conceded to have been in place. The pleadings allege that the city had maintained it for months prior to the accident, this being relied upon as the primary negligence, and the presumption arises that the cover, weighing 15 pounds, having been placed over this hole in the gutter in a groove cut or made for that purpose, remained there until a different state of facts is established by the evidence. No time is attempted to be fixed when the cover was removed. All that we have is that it was not there at the moment of the accident. The defendant was not bound to exercise diligence to see that no one removed this cover, for it had no reason to anticipate that it would be removed. It was not required to exer-

cise this degree of diligence as to a matter of construction approved by long usage and experience, and the plaintiff has failed to establish the facts necessary to constitute a cause of action.

Under the circumstances it does not appear to be necessary to determine whether the notice of the claim was properly served or not.

The judgment appealed from should be affirmed, with costs.

JENKS, P. J., and CARR and RICH, JJ., concur. THOMAS, J., dissents, upon the ground that the burden was on the city, in control and possession of the grating, to show that it was not removed by its agency.

Judgment affirmed, with costs. All concur.

