VELMA HARRIET WARNER, Appellant, *v.* CITY OF ALBANY, Respondent.

WILLIAM H. WARNER, Appellant, *v.* CITY OF ALBANY, Respondent.

Third Department, November 12, 1941.

*Edward J. Clyne* [*David Belkin* of counsel], for the appellants.

*James J. McGuiness, Corporation Counsel* [*Ralph S. Leonard, Assistant Corporation Counsel*, of counsel], for the respondent.

FOSTER, J. The plaintiff Velma Harriet Warner sat down upon a bench in Lincoln Park in the city of Albany, and as she did so the bench tipped over backwards. She was thrown to the ground and injured. Before she sat down she saw nothing wrong with the bench, but shortly after the accident a policeman discovered that a pin on one side of the bench was missing. The bench was described as constructed of wood, with iron brackets on the bottom of each side, and iron pins holding these brackets in place. The park and benches therein were maintained by the defendant city.

Mrs. Warner and her husband sued the defendant in the City Court of Albany, apparently upon the theory of negligence. Their cases were consolidated and tried together. They produced the proof heretofore outlined. At the close of their case the trial justice dismissed their complaints because of their failure to show actual or constructive notice to the defendant of any defect in the bench prior to the accident.

The trial justice adhered to a well-known principle which has often been applied in actions against municipalities, particularly in cases involving defects in streets and sidewalks. We think, however, the facts in this case, simple as they are, present a somewhat different situation and are not analogous.

The city was under no obligation to furnish a bench, but having chosen to do so it was bound to exercise due care to see that a reasonably safe bench was provided. The bench in question proved to be unsafe because a pin, evidently a vital part, was missing. Only three possibilities can be logically assigned for this condition: (1) That the pin was missing when the bench was placed in the park; (2) that the pin fell out through use of the bench; (3) that someone deliberately removed the pin.

The first possibility presents an element of negligence. The second possibility also presents an element of negligence because it may lead to the conclusion that the bench was loosely and imperfectly constructed if the pin fell out merely through use of the bench. The third possibility may be divided. If the bench was so loosely constructed that any one might easily remove such a vital part as a pin, more or less hidden from casual observation, then this also might present an element of negligence. On the other hand, if the bench was firmly constructed, so that some sort of tool or instrument was required to remove the pin, then the third possibility becomes only a remote probability. It is not the ordinary experience of men that people, either adults or children, take the trouble to bring tools or instruments of any kind to a public park for such a purpose.

This reasoning leads to the conclusion that the plaintiffs were improperly nonsuited. They were not required to exclude a remote probability as a causal relation. (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1.) They proved facts which might reasonably lead to the inference of a neglect of duty on the part of the defendant. We think the common viewpoint would be that a pin does not fall out of a properly constructed bench, nor would it be easily removed simply by hand if the bench was well made. The accident, therefore, plus the additional proof that it was caused by the absence of the pin, was sufficient to require the defendant to go forward with the evidence.

It is argued that this will make the defendant an insurer. Such is not the case. If the defendant produces evidence indicating due care the duty of going forward shifts back to the plaintiffs, and in that event they will be required to prove notice. It is simply held here that under.the circumstances, and as the evidence now stands, the plaintiffs are not required to prove notice in the first instance. The elementary justice of this position is evident when we consider that plaintiffs have no knowledge as to when the bench was placed in the park, its condition, or the means by which the defendant may claim to have discharged its duty of exercising reasonable care; and they cannot secure such information because the officials of the defendant may not be subjected to an examination before trial. (*Kasitch* v. *City of Albany*, 283 N. Y. 622.)

The judgment dismissing the complaint should be reversed, with costs.

HILL, P. J., and HEFFERNAN, J., concur; SCHENCK, J., dissents, in an opinion, in which BLISS, J., concurs.

SCHENCK, J. (dissenting). Plaintiff Velma Harriet Warner was injured when a bench tipped over as she sat down upon it. The bench was owned and maintained by the city of Albany in Lincoln Park, a public park. The trial justice dismissed the complaint at the close of plaintiff's case. The only evidence upon which negligence could possibly be predicated was that given by a police officer, who testified that shortly after the accident he examined the bench and found a pin missing. There was no proof as to what caused the pin to be missing, how long it had been missing, or that the city had any notice of any defective condition in the bench.

I think the judgment of dismissal should be affirmed. I disagree with Justice FOSTER's opinion that to hold the city liable herein would not make it an insurer. I can see no other basis than that of " insurance " upon which negligence can be predicated. It is not incumbent upon a defendant to assume the burden of proof of

freedom from negligence. The record here seems devoid of proof of negligence. A pin was missing but there is no explanation as to what happened to it. No time is attempted to be fixed when the pin was removed; all that we have is that it was not there at the moment of the accident. The defendant was not bound to exercise diligence to see that no one removed this pin, for it had no reason to anticipate that it would be removed. This is the same situation as presented in *Thomas* v. *City of New York* (146 App. Div. 512), where the complaint was dismissed at the close of plaintiff's case on the ground that plaintiff had failed to establish her cause of action. There is no proof that the city did not use reasonable care in the maintenance of the bench. The case of *Slomka* v. *Nassau Electric Railroad Co.* (191 App. Div. 727) involved an action by a passenger to recover for injuries received by the collapse of a seat. The testimony of the plaintiff was to the effect that she sat as a passenger in an adjustable seat of defendant's car and the seat collapsed. The negligence assigned was that the seat was " out of order and in a defective and worn condition; that the supports thereunder had not been properly placed where they belonged, by the defendant." There was no evidence that the cause of collapse was any defect or flaw or impairment of construction and there was no evidence that the peg which held the seat had not been properly placed where it belonged by the defendant. Plaintiff relied wholly upon the evidence rule of *res ipsa loquitur*. The opinion of the court (p. 731) states: " Despite the happening of the casualty, there still remained the burden upon the plaintiff to establish negligence, otherwise the defendant was an insurer, and it was not. The rule of *res ipsa loquitur* aids, but in itself does not inevitably accomplish. And the question for the jury was whether the plaintiff, with the advantage of the rule, had inculpated the defendant for the lack of due care under the circumstances."

I, accordingly, do not think that the plaintiffs can sustain their position except on the theory that in a case as here presented the city is an insurer. This would put an unreasonable burden upon every municipality.

The judgment should be affirmed, with costs.

BLISS, J., concurs.

Judgment dismissing the complaint reversed on the law and facts, and a new trial granted, with costs to the appellants to abide the event.

We have considered the facts to determine if a cause of action was established and determined that it was.