■  MARY McCOY, Appellant, v. CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, loss of services and medical expenses, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered July 9, 1971, in favor of defendants, upon the trial court's dismissal of the supplemental complaint at the close of plaintiff's case at a jury trial.  Judgment reversed, on the law, and new trial granted, with costs to abide the event.  The appeal did not present questions of fact.  Plaintiff was injured in a fall when she tripped and fell on a hole in a public sidewalk.  She testified she did not see the defective condition prior to her fall, but afterwards noticed that her foot was in a hole in the sidewalk and that the area around the hole was broken and cracked.  She introduced 11 photographs into evidence, dated within a month after the accident, which depict the accident scene from several angles and show nearby features which would enable the jury to deduce the size of the defect and the angles, distances and heights from which the pictures had been taken (cf. *Mooney* v. *Turner,* 35 A D 2d 674; *Li Pera* v. *City of New York,* 23 A D 2d 578).  In addition, plaintiff read into the record portions of examinations before trial of defendants which revealed that during the year prior to the accident the particular piece of sidewalk upon which plaintiff fell was used as an unloading spot for deliveries of liquor to defendant Hartnett's bar.  Upon occasion, deliverymen would drop or throw 100-pound kegs of beer from their trucks to the sidewalk.  In our opinion it was error to dismiss the complaint upon the ground that plaintiff had failed to prove constructive notice.  The jury could properly have predicated a finding that the defective condition of the sidewalk was not of recent, sudden, or abrupt origin, but rather was caused by the special use to which it had been put over a sufficiently long period of time so as to charge defendants with constructive notice (cf. *Valle* v. *City of New York,* 22 Misc 2d 985).  Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.