■ JAMES PROWSE, Individually and as Parent and Natural Guardian of JOHN PROWSE, an Infant, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59660.)—Appeal from an interlocutory judgment of the Court of Claims, entered March 17, 1978. In a bifurcated trial, the Court of Claims has found that the State of New York was responsible for the maintenance and repair of a certain wooden bridge and had constructive notice of a defective plank which caused personal injuries to the infant claimant. The State in 1926 acquired a permanent surface easement for park or parkway purposes from the City of New York by a grant which reserved title to all structures in the city, but provided that the State "shall be responsible for the maintenance of the lands in a neat condition." The State thereafter in 1967 granted a license to the County of Nassau to use a portion of the land and required the county to maintain that portion. It appears that the county and State thought that the license included the bridge, and the county did actively maintain the bridge after 1967. On August 20, 1975 the infant claimant fell through a hole in a bridge plank. The State put handrails on the bridge in 1976 after the accident and it had inspected and maintained the bridge prior to the county's license in 1967. The rule is well established that the holder of a dominant estate, the State in this case, is generally responsible for the maintenance of the easement *(Greenfarb v R. S. K. Realty Corp.,* 256 NY 130, 134-135; *Matter of Schenectady Ry. Co. v Greene,* 227 App Div 11, 15, affd 257 NY 610). The State's contention that the grant of easement to it limited its control and responsibility to simply keeping the premises in a "neat condition" has no sound basis and the trial court properly rejected that argument. As a matter of law, the State was responsible for the maintenance of the bridge, and the evidence in this record is that the State recognized such responsibility and assumed control of the bridge. Its apparent abdication of responsibility to the county does not alter the State's legal position as to responsibility and control, as it is undisputed that the county's license did not include the right to use the bridge or the duty to repair it. The father of the infant claimant testified that the board which had the hole in it was observably in a rotten or rotted condition to the naked eye as he stood upon the bridge immediately after the accident. Under such circumstances the trial court could, as it did, reject

the testimony on behalf of the State which was to the effect that vandals had broken the plank. As the court noted, the rotting or crumbling of wood is a long term matter and it would ordinarily be observable if any reasonable inspection of the bridge was undertaken. However, *the State* had not inspected the bridge for many years prior to the accident or had not observed what was there. In any event, the long-term condition coupled with recurrent stress of use supports a finding of constructive notice *(McCoy v City of New York,* 38 AD2d 961). The record demonstrates that at most there were issues of credibility solely for the trial court and this appeal demonstrates no basis for a reversal of its order. Judgment affirmed, with costs to claimant. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.