OPINION OF THE COURT
Louise Gruner Gans, J.
After trial of this personal injury action, the jury, by special *165 verdict, found defendant New York City Transit Authority liable in negligence and awarded plaintiff damages in the amount of $600,000. Neither party had objected to the court’s charge to the jury. The Transit Authority has moved for judgment notwithstanding the verdict, or in the alternative, for a new trial (CPLR 4404 [a]).
The accident underlying this action occurred on November 28, 1982, when plaintiff was 60 years old. At the time of trial plaintiff’s age was 68. The jury found that on November 28, 1982, while walking on Eighth Avenue between West 39th and West 40th Street, plaintiff stepped on a loosened subway grating, and, when the grating gave way, he fell into a subway air shaft. The estimates of the depth of the air shaft ranged from 13 feet, to from 10 to 15 feet. It is not disputed that in the course of the fall plaintiff broke his left arm. Plaintiff and his surgeon, Dr. Leppard, testified that despite two major operations in 1982 and 1983, plaintiff’s use of the arm is limited, that he is unable to sleep lying down, and that he was unable to continue working as a presser, the work he had done for close to 40 years. Plaintiff never returned to work and retired in 1984 at the age of 62.
Although the defendant Transit Authority as a common carrier exercises both proprietary and governmental functions (see, Weiner v Metropolitan Transp. Auth., 55 NY2d 175 [1982]), defendant has never claimed that the acts or omissions of the Transit Authority, which are the subject of this action, immunize it from liability.
Plaintiff’s case was tried on the theory not of design defect, as defendant contends on this motion, but on the theory that defendant Transit Authority negligently maintained the access grating, as part of the series of gratings in front of 616 Eighth Avenue, in an unlocked and unsecured condition which was dangerous and which proximately caused plaintiff’s injuries.
There was no dispute about the standard design of the Transit Authority’s subway gratings. The Transit Authority employees, past and present, called by both sides, agreed that most gratings were cemented or welded to the sidewalk, that at certain intervals, there was a grating which was not permanently secured to the sidewalk, but was held in position by a locking mechanism and attached to an adjoining permanently secured grating by means of a chain, and that a special Transit Authority key was required to lock and unlock this *166 grating, which was variously referred to as an access grating, lock grating or vent grating. The grates and air shafts under them provide ventilation for the subway and can be used for access and egress in case of subway fire.
Analyzing separately below, first defendant’s arguments in support of judgment notwithstanding the verdict as a matter of law, and second, defendant’s arguments in support of a new trial, the court concludes that defendant’s motion should be denied, except for a reduction of the jury’s award of medical expenses from $25,000 to $13,500.

Motion for Judgment Notwithstanding the Verdict as a Matter of Law

On a motion pursuant to CPLR 4404 (a) for judgment notwithstanding the verdict or judgment as a matter of law, the test is whether no rational process could support the jury’s verdict upon the evidence presented. (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Nicastro v Park, 113 AD2d 129, 132 [2d Dept 1985].) "[T]he 'matter of law’ standard is the same as that used for judgment during the trial under CPLR 4401.” (Siegel, NY Prac § 405, at 613 [2d ed]; cf., Blum v Fresh Grown Preserve Corp., 292 NY 241, 245 [1944]; Lipsius v White, 91 AD2d 271, 276-277 [2d Dept 1983]; Candelier v City of New York, 129 AD2d 145 [1st Dept 1987]; Dooley v Skodnek, 138 AD2d 102 [2d Dept 1988].) In considering the motion, the court may not weigh the evidence, but must view it in the light most favorable to the nonmoving party. (Sagorsky v Malyon, 307 NY 584, 586 [1954]; Negri v Stop & Shop, 65 NY2d 625, 626 [1985].) All questions of credibility must be treated as if resolved in plaintiff’s favor (Sagorsky v Malyon, supra, at 586; Candelier v City of New York, supra, at 147) and the nonmoving party, in this case the plaintiff, is entitled to every reasonable inference which could reasonably be drawn in his favor from the proofs submitted. (Betzag v Gulf Oil Corp., 298 NY 358, 364 [1949]; Candelier v City of New York, supra; Lipsius v White, 91 AD2d 271, 276-277 [2d Dept 1983], supra.)
In order to warrant submission of plaintiff’s negligence case to the jury, plaintiff’s evidence was required to demonstrate three elements: first, the existence of a duty owed by defendant to plaintiff; second, a breach of that duty by defendant; and third, that injury to plaintiff was proximately caused by the breach. (Benjamin v City of New York, 99 AD2d 995, affd *167 64 NY2d 44 [1984].) The Transit Authority does not dispute that it has a duty to use reasonable care in maintaining the portion of the sidewalk containing its subway gratings in safe repair and to inspect and maintain them so as to prevent unreasonable risk of harm to the pedestrian public. However, defendant argues for judgment notwithstanding the verdict for plaintiffs failure, as a matter of law, to establish a prima facie case of negligence with respect to the elements of notice and proximate cause.
On the issue of notice, defendant contends that establishing a prima facie case of actual or constructive notice to the Transit Authority of an unsecured grating at the location where plaintiffs accident occurred was a precondition to a prima facie showing of breach of its duty to maintain the grating in a reasonably safe condition. Although this was this court’s charge to the jury, according to the Transit Authority, no finding of actual or constructive notice was possible, as a matter of law, on the evidence presented. In opposition to this aspect of defendant’s motion, plaintiff argues, as he did at trial, that no proof of prior notice was required because defendant Transit Authority’s use of the sidewalk for its subway gratings was a special use not subject to any prior notice requirement.
With respect to the issue of notice, defendant also contends that the court erred in permitting plaintiff to produce the testimony of his notice witness, Alex Abouleinian, since plaintiff had failed to provide defendant with an updated notice as to this witness’ last known address, as demanded, and, as required by plaintiffs continuing obligation to provide discovery.
Mr. Abouleinian had been employed as store manager at a store at 614 Eighth Avenue, immediately adjoining the scene of the accident. He testified that during the period from 1980, when he started working there, and until the date of the accident, he had on "many” occasions witnessed people pushing long sticks through the subway grates in front of 614 and 616 Eighth Avenue and had seen people opening and removing a grate or grates. Although he testified that he saw grates being opened "many times”, Mr. Abouleinian could not specify the dates or the number of times that he made these observations or which of the grates at that location he saw being opened. Mr. Abouleinian also observed the aftermath of plaintiffs accident and described seeing Mr. Giaccotto in the open air shaft previously covered by a subway grating.
*168 With the benefit of hindsight, I conclude first, that plaintiff was correct in arguing that he was not required to establish notice in order to show a breach of duty by the Transit Authority, and second, that at trial, plaintiff produced sufficient evidence to establish a prima facie case of constructive notice.
The installation of the subway gratings in public sidewalks clearly constitutes a special use and under long-standing precedent no notice of the unsecured condition of the grating which gave way under plaintiff’s feet was required. However, in any event, I am satisfied that a rational jury could have found from plaintiff’s evidence that the Transit Authority had constructive notice of the unsecured subway grating and that my decision not to preclude the testimony of Alex Abouleinian was a proper exercise of discretion.
The term or concept of a special use of the public sidewalk refers to a construction in the sidewalk, not necessary for its proper construction or maintenance as a public sidewalk, and which is designed to create a special benefit to the user of the construction. (Clifford v Dam, 81 NY 52 [1880]; Nickelsburg v City of New York, 263 App Div 625 [1st Dept 1942].) Although the issue of responsibility for conditions created by a special use is most commonly addressed with respect to abutting property owners (Irvine v Wood, 51 NY 224 [1872]; Trustees of Vil. of Canandaigua v Foster, 156 NY 354 [1898]; Olivia v Gouze, 285 App Div 762 [1st Dept], affd 1 NY2d 811 [1956]), special users are not limited to abutting owners. A variety of institutional entities, including the municipality itself, have been treated as special users. (Thomson v City of New Rochelle, 33 AD2d 782 [2d Dept], revd 26 NY2d 1047 [water company]; Ocasio v City of Middletown, 148 AD2d 431 [2d Dept 1989] [municipality]; Rehfuss v City of Albany, 118 AD2d 987 [3d Dept 1986] [municipality]; Filsno v City of Rochester, 10 AD2d 663 [4th Dept 1960] [municipality]; Weiser v City of New York, 5 AD2d 702 [2d Dept 1957] [municipality].) Holes excavated in the sidewalk for a variety of purposes and covered by grating have repeatedly been recognized as a form of special use. (McCarthy v City of Syracuse, 46 NY 194 [1871]; Irvine v Wood, supra; Trustees of Vil. of Canandaigua v Foster, supra; Gelof v Morgenroth, 130 App Div 17 [1st Dept 1909]; De Sessa v City of White Plains, 30 Misc 2d 817 [Sup Ct, Westchester County 1961].) There is, therefore, no doubt that the Transit Authority vaults or air shafts covered by subway *169 gratings, such as that involved in this case, are in the special use category.
Proof of prior notice of an unsafe condition is not required to impose liability on property owners and other persons and entities who maintain and benefit from a special use of the sidewalk. (Irvine v Wood, supra; Trustees of Vil. of Canandaigua v Foster, supra; Clemmons v Cominskey, 1 AD2d 933 [4th Dept], affd 2 NY2d 958 [1957]; Ocasio v City of Middletown, supra; Rehfuss v City of Albany, supra; Filsno v City of Rochester, supra; Kiernan v Thompson, 134 AD2d 27 [3d Dept], affd 73 NY2d 840 [1988]; O’Brien v Christy, 142 Misc 2d 1069 [Sup Ct, Bronx County 1989].)
The Ocasio, Rehfuss, Filsno and Kiernan cases (supra) are particularly helpful in illustrating the application of this rule. All involved the applicability of a local law requiring prior written notice of a dangerous or defective condition before liability for the injury caused by the condition could be imposed on a municipality. In each of these cases, the written notice requirement was dispensed with by the Appellate Divisions for the Second, Third and Fourth Departments because a special use was involved. (The Court of Appeals in Kiernan v Thompson [supra, at 841-842] did not affirm on this ground, but on the related ground that the condition complained of was created by the municipality.)
The special significance of these decisions is not only that the written notice requirement was dispensed with in cases involving a special use, but that no common-law requirement of actual or constructive notice was implied, as it was in Lewis v Metropolitan Transp. Auth. (99 AD2d 246 [1st Dept], affd 64 NY2d 670 [1984]), a case involving the responsibility of a common carrier for conditions on its own station platform, as opposed to a public sidewalk. Moreover, the Second Department’s holding in Ocasio v City of Middletown (supra) implicitly overrules the 1911 decision in that Department, Thomas v City of New York (146 App Div 512), on which defendant relies. Accordingly, I conclude that plaintiff was not required to establish prior notice as a condition for imposing liability on the Transit Authority in this case. Since the consequence of special use is the same for a private individual or entity as for a municipality, the issue whether the Transit Authority performs a governmental or a private function has no bearing on the treatment of the notice issue.
The court’s present conclusion that plaintiff was not re *170 quired to establish notice as a condition for imposing liability on the Transit Authority, whereas the notice requirement was charged to the jury, does not mandate a new trial, since the jury, in any event, pursuant to the court’s charge was required to find the element of breach of duty by the Transit Authority in order to find it negligent. Rather than suffer prejudice, defendant was benefited by the additional burden imposed upon plaintiff. Alternatively, as will now be discussed, plaintiff at trial did establish a prima facie case of constructive notice.
Constructive notice may be found where an observable defect has existed for a sufficiently long period of time for a defendant charged with a duty of care to know or be presumed to know about it. (Lewis v Metropolitan Transp. Auth., supra.) The question whether there was constructive notice "is best submitted to and evaluated by the jury.” (Batton v Elghanayan, 43 NY2d 898, 899 [1978]; accord, Blake v City of Albany, 48 NY2d 875 [1979]; Taylor v Bankers Trust Co., 80 AD2d 483 [1st Dept 1981]; Prowse v State of New York, 70 AD2d 748 [3d Dept 1979]; Kelsey v Port Auth., 52 AD2d 801 [1st Dept 1976]; McCoy v City of New York, 38 AD2d 961 [2d Dept 1972]; Greco v Acme Super Markets, 17 AD2d 899 [4th Dept 1962].)
Plaintiff presented evidence sufficient to present a prima facie case of constructive notice of the condition of the grating through the witnesses Alex Abouleinian, Sergeant Connolly and Richard Barth.
The accident report which Sergeant Connolly, the police officer who arrived on the scene completed at the time of the accident, describes his placing a loosened grating back in place and noting that it was not secured to the sidewalk. There is no mention of a chain, which according to Barth, a retired Transit Authority structure maintainer, is used to secure the access grate to the permanent grates. Barth testified that the so-called access or lock grates were the only grates not permanently welded or cemented into the sidewalk and a special Transit Authority key must be used to open them.
Mr. Abouleinian testified that during a period from sometime in 1980 to November 28, 1982, while he was employed at a store at 614 Eighth Avenue, he saw people pushing long sticks through subway grates and saw the subway grating in the vicinity of 614-616 Eighth Avenue being opened "many times”. Although Abouleinian was unable to give the precise *171 dates and the number of his observations, he described people lifting the grating with a tool and going into the air shaft area underneath. Immediately after the accident, the grate was found somewhere near the open air shaft.
The testimony of Connolly, Abouleinian and Barth was sufficiently detailed to create an issue of fact as to constructive notice. Considering Abouleinian’s testimony in its most favorable light, a rational jury could have concluded that the repeated visible lifting of the grating from its place in the sidewalk over a period of two years, while intermittent, was highly visible and, therefore, constituted constructive notice of the unsecured condition of the grating. "Although reasonable men might well differ on the proper inference to be drawn, it would not be unreasonable for a jury to infer” (Batton v Elghanayan, supra, at 899-900) from the combined testimony of plaintiff’s witnesses, that the grating which Abouleinian had repeatedly seen being lifted in front of 614-616 Eighth Avenue was the unlocked and unsecured access grate found by Sergeant Connolly at the scene of the accident, and that this grate had been in an unlocked and unsecured condition for a sufficiently long period of time for the Transit Authority to have known about it.
Turning to the issue of proximate cause, for the purpose of establishing a prima facie case of negligence, a plaintiff must demonstrate that the negligence of the defendant "was a substantial cause of the events which produced the injury”, and where there is an intervening act which also contributes to the injury "liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant’s negligence”. (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315, rearg denied 52 NY2d 784, 829 [1980]; accord, Cruz v New York City Tr. Auth., 136 AD2d 196, 199 [2d Dept 1988].) "Plaintiff need not demonstrate, however, that the precise manner in which the accident happened, or the extent of injuries, was foreseeable (Restatement, Torts 2d, § 435, subd 2).” (Derdiarian v Felix Contr. Corp., supra, at 315.)
The evidence in this case, viewed most favorably to the plaintiff, was sufficient to establish prima facie that his accident was a foreseeable consequence of the Transit Authority’s failure to ensure that the access grating which gave way under him was locked and secure in its place.
New York cases have long recognized, explicitly and implic *172 itly, that there is a foreseeable risk of injury when gratings or other forms of covering over excavations or holes in the sidewalk are defective, improperly secured and/or out of position. (Trustees of Vil. of Canandaigua v Foster, 156 NY 354 [1898], supra; Finnigan v Biehl, 61 NYS 1116 [NY City Ct 1899], revd on other grounds 30 Misc 735 [1900]; Gelof v Morgenroth, 130 App Div 17 [1st Dept 1909], supra; English v Kwint, 140 App Div 509 [1st Dept 1910]; Olivia v Gouze, 285 App Div 762 [1st Dept 1955], affd 1 NY2d 811 [1956], supra; De Sessa v City of White Plains, 30 Misc 2d 817 [Sup Ct, Westchester County 1961], supra; Ocasio v City of Middletown, 148 AD2d 431 [2d Dept 1989], supra.) Plaintiffs witness, Barth, the former Transit Authority employee, testified that risk of displacement by trucks or cars was one of the risks that the Transit Authority sought to prevent by securing grates to the sidewalk. The intervention of a third person here in opening of a subway grate, as claimed by plaintiff, was arguably simply another possible result within the foreseeable risk created by an improperly secured, and/or out of position subway grating. The intervening act of a third person in opening the grate, though independent, could not have caused harm to plaintiff, without the preexisting unsecured condition of the subway grating chargeable to the Transit Authority’s negligence. (Palsgraf v Long Is. R. R. Co., 248 NY 339, 344-345 [1928]; De Sessa v City of White Plains, supra, at 822.) The fact that this intervening act may have been criminal in nature does not preclude a finding of proximate cause, since the intervening act was itself a foreseeable hazard. (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520-521 [1980], citing Restatement [Second] of Torts §§ 302 B, 449; Prosser, Torts, at 271-272 [4th ed].) Thus, the question whether the opening of the subway grate by a third person was a foreseeable consequence of defendant’s failure to maintain it in a secured condition, and whether this failure was a substantial cause of plaintiff’s accident was properly one for the jury. (Derdiarian v Felix Contr. Co., 51 NY2d 308, 315 [1980], supra; Rotz v City of New York, 143 AD2d 301, 304 [1st Dept 1988]; Yannacci v New York City Tr. Auth., 129 AD2d 698 [2d Dept 1987]; Sherman v Concourse Realty Corp., 47 AD2d 134 [2d Dept 1975].)
To establish circumstantially a prima facie case of negligence, it is sufficient for plaintiff to show facts and conditions from which defendant’s negligence and the causation of the accident by that negligence may reasonably be inferred. (In *173 gersoll v Liberty Bank, 278 NY 1, 7 [1938]; Schneider v Kings Highway Hosp. Center, 67 NY2d 743, 744-745 [1986]; Johnson v New York City Tr. Auth., 129 AD2d 424 [1st Dept 1987]; Warner v City of Albany, 262 App Div 677 [3d Dept 1941].)
Once the issues of notice and proximate cause are resolved in plaintiffs favor, plaintiffs own testimony as to how the accident occurred, as well as the previously discussed testimony of Sergeant Connolly, Abouleinian and Barth, when considered in the light most favorable to plaintiff, were sufficient for the jury to infer that the unlocked and unsecured access grating which gave way under Mr. Giaccotto had either been negligently left in that condition by Transit Authority personnel, or, regardless of who initially caused that condition, that the Transit Authority negligently failed to inspect the grating and secure it. Barth’s ignorance of Transit Authority grating inspection practices after 15 years of work repairing gratings could lead a rational jury to infer that regular inspections of gratings did not occur. Thus, plaintiff proved facts which might reasonably lead to an inference of a neglect of duty on the part of the Transit Authority. Having presented a prima facie case of each required element of negligence, plaintiffs case was properly submitted to the jury.
Defendant’s motion for judgment notwithstanding the verdict (CPLR 4404 [a]) is denied.
[Portions of opinion omitted for purposes of publication.]