■ ALFRED GIACCOTTO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Judgment of the Supreme Court, New York County (Louise Gruner Gans, J.), entered April 1, 1991 which, upon a jury verdict, awarded plaintiff the sum of $611,340.54, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for a new trial.

Plaintiff sustained injury on November 28, 1982 at about 2:45 P.M. when he fell into an air shaft or subway vault located in front of the premises known as 616 Eighth Avenue in the City and County of New York. It is alleged that defendant New York City Transit Authority, which concedes ownership and control of the grating, was negligent in permitting it "to become loosened, unsecure and dangerous; in failing to properly secure, design or otherwise remedy the condition by placing and/or designing the metal subway grating in a fashion so that it could not become loosened; and failing to warn persons lawfully using the sidewalk and metal grating of the danger there existing."

At trial, plaintiff presented no evidence that the grating was improperly designed *(see, Rosario v City of New York,* 157 AD2d 467). However, testimony was received from defendant's employees that such access grates are customarily secured by a locking device which is operated by a key but which can also be opened with a simple pair of pliers. A chain is used to prevent the grate from being carried away, but this device would not prevent someone from opening or dislodging the grate. A retired structure maintainer for the Transit Authority testified that the weight of the grating—approximately 180 pounds according to other testimony—would prevent it from becoming dislodged from its frame by natural forces, including severe wind, vibration and even fire. The witness also stated that, in 15 years of repairing subway gratings, he never had occasion to replace one which was displaced because someone tampered with it. Transit Authority records indicate that no repair work was performed at the site during an 11-month period preceding the accident, and there is nothing in the record to indicate that any employee or agent of defendant Transit Authority was responsible for leaving the grate dislodged from its frame.

Plaintiff's case rests largely on the testimony of Alex Abouleinian, the manager of the store located at 614 Eighth Avenue, who stated that, during the two previous years he had been employed at this location, he had seen unknown persons remove an access grate in the area to recover lost change and other items. However, he could not specify which grate had been moved, how often it had been moved or how long before the accident he had made his observations. (It is undisputed that the grate through which plaintiff fell is the only removable grate in the vicinity.) The witness also testified that he frequently saw persons pushing long sticks through the holes in the grating to retrieve objects from the vault below.

Supreme Court instructed the jurors to find defendant negligent "if you decide that the authority had notice of the unsecured condition of the subway grating in front of 616 Eighth Avenue and of the danger of vandalism to such grating. To the extent that either, A *[sic]*, that the defendant had actual notice, that is, knew of the unsecured condition of the grating, and that it was subject to being removable by third persons long enough before the accident to have allowed the authority in the use of reasonable care to correct the condition, provide other reasonable safeguards or that defendant transit authority had constructive notice, that is, defendant did not actually know about the unsecured condition of the grating and that it was subject to being removable by third persons but since the condition existed over a relatively long period of time in the use of reasonable care, it should have known about it and either corrected it or provided other reasonable safeguards."

This instruction is hardly a model of clarity. There is no evidence in the record to support the court's implicit conclusion that, merely by virtue of being unlocked, the grate was in a defective condition. To the contrary, there was testimony that the weight of the grating was sufficient to retain it in its frame. In order to warrant the conclusion that the failure to keep the access grate locked at all times constitutes an act of negligence, plaintiff would be required to establish that tampering by an intervening third-party should have been anticipated by defendant as foreseeable misconduct *(Rosario v City of New York, supra,* at 470; *see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519). Nothing contained in the record on appeal indicates that defendant would have reason to expect, from prior experience, that subway access gratings are prone to

tampering and, therefore, to anticipate the actions of an intervening agent resulting in a threat to public safety.

Defense counsel specifically excepted to question number 2 on the special verdict sheet which asks, "Did the presence over the subway air shaft of an unsecured lock or access grate subject to removal by third persons constitute an unsafe condition?" The answer depends, of course, upon the likelihood of tampering with the grate. The operative question in this case is whether or not defendant had actual or constructive knowledge that tampering had occurred with respect to the particular grate which caused injury to plaintiff *(Gordon v American Museum of Natural History,* 67 NY2d 836, 838). Although the Transit Authority was never apprised of the condition, the testimony given by Alex Abouleinian suggests that the grate was tampered with over an extended period of time, and we cannot say that the evidence is "palpably insufficient" to send the case to a jury *(Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 250, *affd* 64 NY2d 670). A factual question remains whether the tampering was sufficiently overt and took place over a sufficiently long period of time to afford defendant, in the exercise of reasonable care, the opportunity to discover and remedy the situation *(Lewis v Metropolitan Transp. Auth., supra,* at 251). This question was never put to the jurors, and we therefore remand the case for retrial. Concur—Carro, J. P., Wallach, Asch, Smith and Rubin, JJ. *[See,* 150 Misc 2d 164.]