■ EDNA AUSDERAN, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [631 NYS2d 512] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about June 21, 1994, which

denied defendant New York City Transit Authority's motion for summary judgment, unanimously affirmed, without costs.

A common carrier "is under a duty to provide a prospective passenger with a reasonably safe, direct entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance" (*Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 111, *affd* 72 NY2d 888). A breach of this duty can depend on whether the carrier did anything to "compel or even suggest" (*supra,* at 114) that the passenger walk across a defective path or whether the passenger "chose her dangerous path without the guidance or discretion of the [carrier]" (*supra,* at 113, *and see,* at 112-114, explaining *MacKenzie v Union Ry. Co.*, 82 App Div 124, 128, *affd* 178 NY 638). Accepting as true plaintiff's assertion that she tripped over a protruding metal signpost base in the sidewalk grating after being told by an employee of defendant to board the bus only in the back, an issue of fact exists whether defendant "suggested" a path that required plaintiff to navigate a dangerously defective condition, and even it if did not, whether plaintiff had the choice of a path that was safe and direct.

Plaintiff's second contention is that the defendant made a special use of the sidewalk where plaintiff tripped and accordingly owed a duty to the public to maintain it in a safe condition (*see, D'Ambrosio v City of New York*, 55 NY2d 454, 463). Responsibility for conditions created by a special use is most commonly addressed with respect to abutting property owners, however, special benefit users are not limited to abutting owners. Any entity that installs an object onto the sidewalk or roadway with the permission of the municipality should be deemed a special benefit user (*see, Giaccotto v New York City Tr. Auth.*, 150 Misc 2d 164, 168, *revd on other grounds* 184 AD2d 355). Here, a clear issue exists whether defendant enjoyed a special use of the sidewalk, since the purpose of the pole that was affixed to the hazardous metal base was to display a sign for a bus route. Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.