■ CLAIRE VISE, Appellant, v COUNTY OF SUFFOLK, Defendant, and TOWN OF BABYLON, Respondent. [615 NYS2d 429] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 31, 1992, as granted the motion of the Town of Babylon for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 19, 1985, the plaintiff was injured on a Town of Babylon roadway when she fell after stepping into an eroded area abutting a catch basin or sewer cover. Town Code of Babylon § 158-1 provides that "[n]o civil action shall be maintained against the Town * * * for damages or injuries to person * * * sustained by reason of any highway * * * being defective * * * unless written notice of such defective * * * condition * * * was actually given to the Town Clerk or the Superintendent of Highways." Contrary to the plaintiff's contention, the erosion complained of constituted a defective condition within the meaning of the Town Code and, thus, the notice requirement applies here. Moreover, the record is devoid of any indication that the Town had received prior written notice of the defective condition prior to the plaintiff's accident.

Furthermore, this case does not fall within the recognized exceptions to the notice requirement. The record indicates the erosion of the roadway around the catch basin was not caused by the Town but, rather, was the result of natural causes (see, Michela v County of Nassau, 176 AD2d 707). Similarly, the plaintiff's claim does not fall within the special use exception to the subject notice requirement (see, Giacotto v New York City Tr. Auth., 150 Misc 2d 164, 168), in that the drainage function of the catch basin served to provide for the proper maintenance of a safe roadway and, thus, served no municipal function inuring to the special benefit of the Town (see, Giacotto v New York City Tr. Auth., supra, at 164; see also, Marona v Incorporated Vil. of Mamaroneck, 203 AD2d 337; Poirier v City of Schenectady, 201 AD2d 845; Waters v Town of Hempstead, 166 AD2d 584, 586). Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.