■ PHYLLIS ELSTEIN et al., Appellants, v CITY OF NEW YORK, Respondent. [618 NYS2d 528] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 18, 1993, which, inter alia, granted the City's cross motion to dismiss the complaint for failure to comply with the prior written notice requirements of the Administrative Code of the City of New York § 7-201 (c), unanimously affirmed, without costs.

It is well established that Administrative Code § 7-201 (c) (2) requires a plaintiff to plead and prove the City had prior notice of a sidewalk defect, unless it is claimed that the City was affirmatively negligent in causing or creating the defective condition, in which case a plaintiff has no burden to

either plead or prove notice *(Bisulco v City of New York,* 186 AD2d 84, 85). Here, the City came forward with proof that it had not been given any prior written notice of the alleged defective condition and that no work construction or repair had been performed in the nearly two-year period preceding the date of the incident. In opposition, plaintiffs relied on an affidavit from a construction expert who, upon examining the subject area 20 months after the incident took place, was unable to say that the alleged defective condition (negligent patchwork) existed at the time of plaintiff's injury or that the City had created the defective condition. Under these circumstances, the IAS Court properly granted the City's cross motion for summary judgment dismissing the complaint *(see, Zinno v City of New York,* 160 AD2d 795, *lv denied* 76 NY2d 708). Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.