■ Nancy A. Fazio, Respondent, v Town of Mamaroneck et al., Defendants, and Village of Mamaroneck, Appellant. [640 NYS2d 216] —In an action to recover damages for personal injuries, the defendant Village of Mamaroneck appeals from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered February 21, 1995, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed insofar as it is asserted against the defendant Village of Mamaroneck.

In this action, the plaintiff allegedly sustained injuries when she tripped over a traffic control signal box which was embedded in a sidewalk located in Mamaroneck. The Village of Mamaroneck (hereinafter the Village) moved for summary judgment dismissing the complaint insofar as it is asserted against it on the ground that it had not received prior written notice of the deteriorated condition of the sidewalk surrounding the traffic signal box as required by Mamaroneck Village Code § 296-17. It is undisputed that the Village did not receive written notice of a defect in the sidewalk area in question. The Supreme Court denied the Village's motion concluding that the traffic signal box was a special use for the benefit of the Village and, therefore, the prior written notice provision did not apply. We disagree.

It has been held that prior written notice laws do not apply when the municipality's use of the property constitutes a special use for the benefit of the municipality (*see, e.g., Ocasio v City of Middletown,* 148 AD2d 431, 432). However, because the traffic signal box in this case was maintained by the Village in the discharge of its duty to create safe streets and did not confer a special benefit upon the Village, it cannot be considered a special use for the benefit of the Village (*see, Poirier v City of Schenectady,* 85 NY2d 310, 315).

We find no merit to the plaintiff's contentions that the written notice provision did not apply because the Village affirmatively created the condition by failing to properly maintain the area in question (*see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917; *cf., Kiernan v Thompson,* 73 NY2d 840), or that the hazard created by the traffic signal box was not the type contemplated by the prior written notice provision (*see, Poirier v City of Schenectady, supra,* at 314). In addition, the plaintiff improperly raised for the first time on appeal her contention that an issue of fact exists as to whether the Village had recently inspected the sidewalk and therefore should be charged with notice of any hazardous condition that such an inspection should have revealed (*see, Giganti v Town of Hempstead,* 186 AD2d 627; *Ferris v County of Suffolk,* 174 AD2d 70, 75). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.