■ HELEN YARSHEVITZ, Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant, et al., Defendants. [660 NYS2d 141] —In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated August 2, 1996, as denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Town of North Hempstead, and the action against the remaining defendants is severed.

Pursuant to Town Law § 65-a and Town of North Hempstead Code § 26-1, prior written notice is a condition precedent to maintaining an action arising from a sidewalk defect against the Town of North Hempstead (hereinafter the Town) (*see, Goldston v Town of Babylon,* 145 AD2d 534; *Cipriano v City of New York,* 96 AD2d 817). Here the Town established by affidavits and testimony given at a deposition that no prior written notice had been given with regard to the allegedly defective sidewalk at issue. However, the plaintiff relies upon the narrow exception to the prior written notice requirement whereby prior written notice is excused when a municipality has or should have knowledge of a defective or dangerous condition because it inspected or performed work upon the subject area shortly before the accident (*see, Giganti v Town of Hempstead,* 186 AD2d 627; *Klimek v Town of Ghent,* 114 AD2d 614). We find that the plaintiff's case does not fit within the exception. Although there was evidence that on the day before the plaintiff's accident the Town repaired a sidewalk defect on the same street, this defect was several street addresses away from where the plaintiff's fall occurred, and there is nothing in the record to indicate that in the course of repairing the other defect, the defect which allegedly caused the plaintiff's fall was brought to the Town's attention. All indications are that the other, repaired defect was isolated from and not part of the allegedly defective condition that caused the plaintiff's fall. Accordingly, the Town was entitled to dismissal of the complaint insofar as asserted against it (*see, Curci v City of New York,* 209 AD2d 574; *O'Rourke v Town of Smithtown,* 129 AD2d 570; *Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.