■ MARILYN BARNES, Respondent, v CITY OF MOUNT VERNON, Appellant. [666 NYS2d 206] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 10, 1997, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was allegedly injured after falling on a defective drainage grating located in a municipal parking lot. The defendant moved for summary judgment on the ground that it had not received prior written notice of the defective grating as required by Mount Vernon City Charter § 265. The Supreme Court denied the motion, stating that the prior written notice requirements did not apply to the grating, and that the "sewer drainage purpose may constitute a special use to which the prior written notice law is not applicable" (*see, Ocasio v City of Middletown,* 148 AD2d 431). We disagree.

Contrary to the plaintiff's contentions, the prior written notice requirements of the Mount Vernon City Charter apply to the grating where the plaintiff fell (*see, Criss v City of Ithaca,* 237 AD2d 860; *Cannon v Incorporated Vil. of Lindenhurst,* 226

AD2d 662; *Landau v Town of Ramapo,* 207 AD2d 384; *Zinno v City of New York,* 160 AD2d 795). Moreover, the grating in question did not fall within the special use exception to the prior written notice requirement insofar as the drainage function of the grating served to provide for the proper maintenance of a safe parking lot and, thus, served no municipal function inuring to the special benefit of the defendant (*see, Vise v County of Suffolk,* 207 AD2d 341).

The plaintiff failed to show either that the defendant had prior written notice of the defective grating or that the case falls within the narrow exception to the prior written notice requirement whereby prior written notice is excused when a municipality has or should have knowledge of a defective or dangerous condition because it inspected or performed work upon the subject area shortly before the accident (*see, Yarshevitz v Town of N. Hempstead,* 240 AD2d 737). Accordingly, the defendant was entitled to summary judgment in its favor. Santucci, J. P., Joy, Friedmann and Luciano, JJ., concur.