■ ITT HARTFORD INSURANCE COMPANY, as Subrogee of CHAPPAQUA TRANSPORTATION, INC., Respondent, v VILLAGE OF OSSINING, Appellant. [684 NYS2d 258] —In an action to recover for property damage, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated May 27, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

ITT Hartford Insurance Company, as subrogee of Chappaqua Transportation, Inc., brought this action against the Village of Ossining (hereinafter the Village) to recover damages for the claims it paid as a result of its insured's accident involving a manhole cover on Snowden Avenue in the Village. The complaint alleged, *inter alia,* that the Village was "careless, reckless and negligent in the ownership, operation, management, maintenance, supervision, and control of the aforesaid Snowden Avenue". The Village moved for summary judgment on the ground that it did not have prior written notice of the allegedly defective or dangerous condition. Although it is undisputed that the Village did not receive written notice of a defect in the area in question, the Supreme Court denied the Village's motion. We reverse.

Village Law § 6-628 bars civil actions against a Village for damages or injuries resulting from, *inter alia,* a defective, out-of-repair, unsafe, dangerous, or obstructed street or highway unless written notice of the defective, unsafe, dangerous, or obstructed condition was actually given to the Village Clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect or to have "the place otherwise made reasonably safe". There are certain circumstances in which this prior written notice requirement does not apply: (1) when the municipality created the condition by an affirmative act of negligence (*see, Poirier v City of Schenectady,* 85 NY2d 310); (2) when the municipality has or should have knowledge of a defective or dangerous condition because it inspected or performed work upon the subject area shortly before the accident (*Yarshevitz v Town of N. Hempstead,* 240 AD2d 737); and (3) when the municipality's use of the property constitutes a special use for the benefit of the municipality (*Fazio v Town of Mamaroneck,* 226 AD2d 338).

Contrary to the plaintiff's contentions, the prior written no-

tice requirements of the Village Law apply to the manhole cover involved in the accident because the manhole cover was maintained by the Village in the discharge of its duty to create safe streets and cannot be considered a special use for the benefit of the Village (*see, Poirier v City of Schenectady, supra*; *Barnes v City of Mount Vernon,* 245 AD2d 407; *Green v City of New York,* 233 AD2d 295).

Further, the plaintiff conceded that the Village did not have prior written notice of the defective condition, and failed to show that the case falls within the narrow exceptions to the prior written notice requirement previously set forth. Accordingly, the Village is entitled to summary judgment in its favor. Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.