■ George E. Butts, Jr., et al., Appellants, v Village of Sag Harbor, Respondent. [688 NYS2d 197] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 11, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff George E. Butts, Jr., allegedly was injured when he tripped over a raised slab of sidewalk which was caused by the expansion of the roots of an adjacent tree. The Village of Sag Harbor moved for summary judgment based upon the plaintiffs' failure to comply with the prior written notice requirements of § 34-1 (A) of the Village Code.

The Village established its entitlement to summary judgment by submitting the affidavits of the Village Clerk and Superintendent of Highways indicating that the Village had never received prior written notice of the alleged defective sidewalk (*Horan v Christ Episcopal Church,* 227 AD2d 592; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540). The plaintiffs failed to establish that they came within any of the recognized exceptions to the written notice request. Contrary to the plaintiffs' contentions, there is no evidence that the Village affirmatively created the defective condition (*see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917) or that the Village had actual or constructive notice of the sidewalk defect (*see, Giganti v Town of Hempstead,* 186 AD2d 627). Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.