■ ELLEN STERN et al., Appellants, v INCORPORATED VILLAGE OF FLOWER HILL, Respondent. [716 NYS2d 918] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated January 31, 2000, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered March 3, 2000, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant established that it did not receive the requisite prior written notice of the allegedly defective condition, and there was no evidence that the defendant affirmatively created the condition (see, *Butts v Village of Sag Harbor,* 260 AD2d 419; *ITT Hartford Ins. Co. v Village of Ossining,* 257 AD2d 606; *Bess v Village of E. Hampton,* 225 AD2d 511). The injured plaintiff's assertion that the defendant created the defect over which she allegedly tripped when it paved the road is without any evidentiary foundation and was purely speculative. Therefore, her allegations were insufficient to raise a triable issue of fact (see, *Amarante v Village of Tarrytown,* 226 AD2d 488; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.