■ HELENE B. BENINCASA et al., Appellants, v VILLAGE OF IRVINGTON, Respondent. [737 NYS2d 295] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered December 14, 2000, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law. On the evidence presented, there is no rational process by which the finder of fact could reach a verdict in favor of the plaintiffs (*see, Szczerbiak v Pilat,* 90 NY2d 553). Contrary to the plaintiffs' contentions, the prior written notice requirements of Village Law § 6-628 apply (*see, Donnelly v Village of Perry,* 88 AD2d 764). The plaintiffs conceded that the defendant did not have prior written notice of the defective condition, and failed to show that the defendant created the condition by an affirmative act of negligence or that its use of the property constituted a special use for its benefit (*see, ITT Hartford Ins. Co. v Village of Ossining,* 257 AD2d 606; *Barnes v City of Mount Vernon,* 245 AD2d 407). Altman, J.P., Adams, Townes and Prudenti, JJ., concur.