■ ESTELLE NASH, Respondent, v VILLAGE OF CEDARHURST, Appellant, et al., Defendant. [738 NYS2d 368] —In an action to recover damages for personal injuries, the defendant Village of Cedarhurst appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated April 30, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion of the defendant Village of Cedarhurst is granted, and the complaint is dismissed insofar as asserted against that defendant.

The defendant Village of Cedarhurst (hereinafter the Village) made a prima facie showing of its entitlement to judgment as a matter of law by establishing that it did not receive the requisite prior written notice of the alleged defective condition, and that it only repaired sidewalks adjacent to Village-owned properties. Thus, it was incumbent upon the plaintiff to submit competent evidence that the Village affirmatively created the defect (see, Gillan v Town of Clarkstown, 251 AD2d 287; Stern v Incorporated Vil. of Flower Hill, 278 AD2d 225). Since the plaintiff failed to do so, the Village was entitled to summary judgment dismissing the complaint insofar as asserted against it (see, Butts v Village of Sag Harbor, 260 AD2d 419; ITT Hartford Ins. Co. v Village of Ossining, 257 AD2d 606). The plaintiff's assertion that the Village created the defect when the sidewalk was installed is without any evidentiary foundation and speculative. Therefore, it was insufficient to raise a triable issue of fact (see, Stern v Incorporated Vil. of Flower Hill, supra; Amarante v Village of Tarrytown, 226 AD2d 488). Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.