■ FRANCES GRUSKA et al., Appellants, v CITY OF NEW YORK et al., Respondents. [739 NYS2d 427] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 4, 2001, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion to compel disclosure.

Ordered that the order is affirmed, with costs.

In support of their respective motions for summary judgment dismissing the complaint insofar as asserted against them, the defendants Willie Hetzler and Conlon Tours, Ltd. (hereinafter Conlon), established, prima facie, their entitlement to judgment as a matter of law. Hetzler was the owner, and Conlon was the lessee, of the land abutting the public sidewalk where the injured plaintiff allegedly tripped and fell due to a defective condition. They demonstrated that they neither created the defective condition nor caused it to occur because of their special use of the sidewalk, and that no statute or ordinance imposed an obligation on them to maintain the public sidewalk (*see, Hausser v Giunta,* 88 NY2d 449, 452-453; *Lattanzi v Richmond Bagels,* 291 AD2d 434; *Reinoso v City of New York,* 288 AD2d 455; *Ritts v Teslenko,* 276 AD2d 768; *Gaynor v City of New York,* 259 AD2d 733).

In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant City of New York established, prima facie, its entitlement to judgment as a matter of law by submitting a copy of the most recent "Big Apple" map filed with the Department of Transportation approximately nine months before the accident. That map,

which did not show a defective condition at the location where the accident occurred, established that the City did not have prior written notice of the defective condition (*see, Katz v City of New York,* 87 NY2d 241, 243; *Kempler v City of New York,* 272 AD2d 584; *Welsh v City of New York,* 258 AD2d 647, 648; *Halali v City of New York,* 253 AD2d 849). Furthermore, the City established, prima facie, that it did not create the defective condition by submitting evidence that it had not performed maintenance or repairs at the accident location for two years before the accident (*see, Elstein v City of New York,* 209 AD2d 186, 187). The City also rebutted any inference that it may have created the defective condition when it replaced the sidewalk four years before the accident by submitting the "Big Apple" map showing that no defect existed thereafter.

In opposition, the plaintiffs failed to raise a triable issue of fact, offering only hope and speculation as to what additional discovery would uncover. Therefore, the Supreme Court correctly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiffs' cross motion to compel disclosure (*see, Mazzaferro v Barterama Corp.,* 218 AD2d 643, 644). Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.