■ SHIRLEE BRAUNSTEIN et al., Appellants, v COUNTY OF NASSAU et al., Defendants, and TOWN OF HEMPSTEAD, Respondent. [741 NYS2d 565] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Joseph, J.), entered February 15, 2001, which, upon the granting of the motion of the defendant Town of Hempstead pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against it at the close of the plaintiffs' evidence, dismissed the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted the motion of the defendant Town of Hempstead (hereinafter the Town) pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against it. There is no rational process by which the factfinder could base a finding in favor of the plaintiffs (*see Szczerbiak v Pilat,* 90 NY2d 553). The plaintiffs failed to establish that the Town had prior written notice of the defective condition, or that the Town created the condition by an affirmative act of negligence or that its use of the property constituted a special use for the benefit of the Town (*see Benincasa v Village of Irvington,* 290 AD2d 406; *ITT Hartford Ins. Co. v Village of Ossining,* 257 AD2d 606). The catch basin in question did not fall within the special use exception to the prior written notice requirement as its drainage function provided proper maintenance of a safe roadway and served no municipal function inuring to the special benefit of the Town (*see Vise v County of Suffolk,* 207 AD2d 341; *Barnes v City of Mount Vernon,* 245 AD2d 407).

Contrary to the plaintiffs' remaining contention, "[c]onstruc-

tive notice of a defect may not override the statutory requirement of prior written notice to a municipality" (*Henrickson v City of New York,* 285 AD2d 529; *see Amabile v City of Buffalo,* 93 NY2d 471). Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.