■ EARLINE SKATES, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [757 NYS2d 885] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated March 21, 2002, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that she tripped and fell as a result of a defective condition in a roadway in Queens. The City of New York established its entitlement to judgment as a matter of law by demonstrating that it neither created the condition nor had prior written notice of the alleged defect (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Katz v City of New York,* 87 NY2d 241 [1995]; *Kiernan v Thompson,* 73 NY2d 840 [1988]; *Nash v Village of Cedarhurst,* 291 AD2d 485 [2002]). In opposition, the plaintiff's speculative and conclusory allegations were insufficient to raise a triable issue of fact with regard to whether the City may have created the condition (*see e.g. Nash v Village of Cedarhurst, supra*; *Stern v Incorporated Vil. of Flower Hill,* 278 AD2d 225 [2000]; *Verdes v Brooklyn Union Gas Co.,* 253 AD2d 552 [1998]; *Cattani v Incorporated Vil. of Ocean Beach,* 252 AD2d 533 [1998]).

Accordingly, the Supreme Court properly granted summary judgment to the City dismissing the complaint insofar as asserted against it. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.