MICHAEL REGAN, Respondent, v CITY OF NEW YORK, Appellant, and DEIDRA FALZONE, Respondent. [778 NYS2d 294]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated August 8, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The appellant met its initial burden of establishing its entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The appellant established, prima facie, that it did not receive prior written notice of the alleged defective sidewalk condition (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Katz v City of New York,* 87 NY2d 241, 243 [1995]). Furthermore, the appellant established, prima facie, that it did not create the alleged defective condition (*see Gruska v City of New York,* 292 AD2d 498 [2002]; *Elstein v City of New York,* 209 AD2d 186, 187 [1994]).

The plaintiff's speculative and conclusory allegations in op-

position were insufficient to raise a triable issue of fact with respect to his contention that the appellant created the hole in the sidewalk (*see Mollin v County of Nassau*, 2 AD3d 600 [2003]; *Stern v Incorporated Vil. of Flower Hill*, 278 AD2d 225 [2000]). Accordingly, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted. Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.