■ GHISLAINE HANSEN, Respondent, v CITY OF LONG BEACH et al., Appellants, et al., Defendant. [792 NYS2d 521]—

In an action to recover damages for personal injuries, the City of Long Beach and the City of Long Beach Department of Public Works appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated January 15, 2002, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff fell while rollerblading on a public street in the City of Long Beach. Her fall allegedly was caused by a water valve cover, which was slightly elevated due to deterioration of the roadway around its perimeter.

The defendants City of Long Beach and City of Long Beach Department of Public Works (hereinafter collectively the City) moved for summary judgment dismissing the complaint insofar as asserted against them upon proof that, pursuant to a contract awarded by the New York State Department of Transportation for the rehabilitation of the roadway in question, the City had no oversight responsibility for the road work, and there was no relationship between the City and the defendant Vidago Construction Corp. The work was completed in December 1999, at which time the roadway was asserted to be in good condition, and the area where the water valve was enclosed with asphalt was deemed to be adequately even for roadway purposes. In her affidavit opposing the City's motion for summary judgment, the plaintiff merely stated that her skate struck a water valve cover which "was in a broken depressed portion of the roadway."

The Supreme Court erred in denying the City's motion for summary judgment. The City established its prima facie entitlement to judgment as a matter of law based upon the plaintiff's failure to comply with the prior written notice requirement of the Code of the City of Long Beach § 256A (1) (see Corey v Town of Huntington, 9 AD3d 345 [2004]). In opposition, the plaintiff

failed to raise a triable issue of fact as to whether the City created the alleged condition that caused her injury (*see Nash v Village of Cedarhurst,* 291 AD2d 485, 486 [2002]; *Stern v Incorporated Vil. of Flower Hill,* 278 AD2d 225 [2000]; *Amarante v Village of Tarrytown,* 226 AD2d 488 [1996]). While the City derived a special use from the water valve, the plaintiff failed to raise a triable issue of fact as to whether there was actual or constructive notice of the condition (*see Bogart v Woolworth Co.,* 24 NY2d 936, 937 [1969]). Accordingly, the City was entitled to summary judgment dismissing the complaint insofar as asserted against it.

In light of this determination, we do not reach the City's remaining contentions. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.