SUZANNE K. MAHLER, Appellant, v INCORPORATED VILLAGE OF PORT JEFFERSON, Respondent, et al., Defendants. [794 NYS2d 435]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 29, 2004, as granted the motion of the defendant Incorporated Village of Port Jefferson for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court entered April 15, 2004, as, upon the order, is in favor of the defendant Incorporated Village of Port Jefferson and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Incorporated Village of Port Jefferson.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of the defendant Incorporated Village of Port Jefferson (hereinafter the Village) which was for summary judgment dismissing the complaint insofar as asserted against it. In support of its motion, the Village established, prima facie, its entitlement to judgment as a matter of law by demonstrating, through the affidavit of the Village Administrator, that it had not received prior written notice of the defect alleged to have caused the plaintiff's injuries, as required (*see* Village Law § 6-628). The street lamp base that allegedly caused the plaintiff's fall constituted a sidewalk defect with respect to which such notice was required (*see Poirier v City of Schenectady*, 85 NY2d 310, 314 [1995]; *Waters v Town of Hempstead*, 166 AD2d 584, 585 [1990]), and the street lamp that had previously been attached to the base did not constitute a special use (*see Poirier v City of Schenectady, supra* at 314-315; *Barnes v City of Mount Vernon*, 245 AD2d 407, 408 [1997]; *Fazio v Town of Mamaroneck*, 226 AD2d 338, 339 [1996]). That officials of the Village may have had actual knowledge of the alleged defect was not sufficient to satisfy the requirement of prior written notice (*see Lysohir v County of Suffolk*, 10 AD3d 638, 639 [2004]; *Silva v City of New York*, 17 AD3d 566 [2005]). Since the plaintiff failed to raise a triable issue of fact in opposition to the Village's showing, summary judgment was properly granted to the Village (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.