■ MADELINE BURR, Appellant, v TOWN OF HEMPSTEAD et al., Respondents. [804 NYS2d 413]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered October 1, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the defect in the roadway that allegedly caused the plaintiff's injuries (*see Shvartsberg v City of New York*, 19 AD3d 578 [2005]; *McDermott v South Farmingdale Water Dist.*, 167 AD2d 517, 517-518 [1990]). Specifically, they demonstrated that they did not perform work where the plaintiff was injured and thus did not cause the defect (*id.*).

In response, the plaintiff failed to raise a triable issue of fact as to whether the defendants caused the defect. The plaintiff's assertion that the workmen who were seen working in the street months before the plaintiff's accident were performing work on behalf of the defendant Town of Hempstead Water Department was based entirely on speculation and thus was insufficient to raise a triable issue of fact (*see Regan v City of New York*, 8 AD3d 462, 462-463 [2004]; *Skates v City of New York*, 304 AD2d 820 [2003]). None of the other evidence submitted in opposition to the motion was sufficient to raise an inference that those workmen were performing work on behalf of the defendants. Moreover, there is no evidence that the defendants had notice of the defect that allegedly caused the injury. Consequently, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.