■ ARMANDO QUIROZ et al., Respondents, v INCORPORATED VILLAGE OF CEDARHURST, Appellant. [819 NYS2d 101]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated February 1, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Incorporated Village of Cedarhurst established its entitlement to judgment as a matter of law by submitting evidence that it never received prior written notice of the defect in the walkway that allegedly caused the plaintiff Armando Quiroz's fall (*see Cendales v City of New York*, 25 AD3d 579, 580 [2006]).

In opposition, the plaintiffs claimed that the Village created the allegedly dangerous condition. However, they failed to raise a triable issue of fact as to whether the condition was created through an affirmative act of negligence (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Albright v City of New York*, 25 AD3d 577 [2006]; *Demant v Town of Oyster Bay*, 23 AD3d 333, 334 [2005]). The plaintiffs' assertion that the Village affirmatively created the defect when it installed the subject walkway is without any evidentiary foundation and was purely speculative (*see Nash v Village of Cedarhurst*, 291 AD2d 485 [2002]; *Stern v Incorporated Vil. of Flower Hill*, 278 AD2d 225 [2000]). Accordingly, the Supreme Court should have granted the Village's motion for summary judgment. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.