■ URSULINA RAMOS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. (And a Third-Party Action.) [866 NYS2d 737]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated November 3, 2006, as granted that branch of the motion of the defendant City of New York on behalf of itself and, in effect, on behalf of the defendants New York City Department of Transportation and New York City Department of Environmental Protection, which was for summary judgment dismissing the complaint insofar as asserted against them and denied, as academic, her cross motion to strike the answer of those defendants for failure to provide additional discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly fell when her foot got caught in a hole in a street adjacent to a catch basin. She commenced the instant action against, among others, the defendants City of New York, New York City Department of Transportation, and New York City Department of Environmental Protection (hereinafter the collectively referred to as the City).

The City moved for summary judgment, contending that it did not have prior written notice of the defect pursuant to Administrative Code of the City of New York § 7-201 (c) (2). The plaintiff opposed the motion, contending, inter alia, that further discovery was needed, and cross-moved to strike the City's answer for failure to provide additional discovery. The Supreme Court granted the City's motion and denied the plaintiff's cross motion as academic. We affirm.

The City submitted evidence sufficient to establish its entitlement to judgment as a matter of law pursuant to Administrative Code § 7-201 (c) (2). While there was a written acknowledgment of the defect from the City, the accident occurred within the 15-day grace period provided by Administrative Code § 7-201 (c) (2) for the City to repair or remove the defect (see Kruszka v City of New York, 29 AD3d 742 [2006]; cf. Bruni v City of New York, 2 NY3d 319 [2004]).

In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. There was evidence that in June 1996, the New York City Department of Environmental Protection received notice by telephone that the catch basin in question was clogged, and the catch basin was inspected and appeared "to be good." However, that evidence did not give rise to a triable issue of fact since it did not constitute a written acknowledgment of the defect in question, nor was it circumstantial evidence of prior written notice pursuant to Administrative Code § 7-201 (c) (2).

The plaintiff's contention that the City made special use of the street is improperly raised for the first time on appeal. In any event, a catch basin does not fall into the special use exception to the prior written notice requirement (see Braunstein v County of Nassau, 294 AD2d 323 [2002]; Barnes v City of Mount Vernon, 245 AD2d 407 [1997]; Vise v County of Suffolk, 207 AD2d 341 [1994]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Angiolillo, McCarthy and Chambers, JJ., concur.