*778 In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered March 20, 2012, as granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The County of Nassau established its prima facie entitlement to judgment as a matter of law by submitting proof that it did not have prior written notice of the allegedly dangerous condition of a certain sidewalk over one of its drainage vaults (see Boggi v City of White Plains, 97 AD3d 773, 773-774 [2012]; Pennamen v Town of Babylon, 86 AD3d 599, 599 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the County actually had prior written notice of the defective condition. The plaintiffs also failed to raise a triable issue of fact as to whether the County created the defective condition through affirmative negligence (see Crawford v City of New York, 98 AD3d 935, 937 [2012]; Weinberg v City of New York, 96 AD3d 736, 737 [2012]; Stern v Incorporated Vil. of Flower Hill, 278 AD2d 225, 226 [2000]), or as to the applicability of the “special use” exception to the prior written notice requirement (see Poirier v City of Schenectady, 85 NY2d 310, 314-315 [1995]; Ramos v City of New York, 55 AD3d 896, 897 [2008]; Smith v City of Syracuse, 298 AD2d 842, 842-843 [2002]; Braunstein v County of Nassau, 294 AD2d 323, 323 [2002]; ITT Hartford Ins. Co. v Village of Ossining, 257 AD2d 606, 607 [1999]; Barnes v City of Mount Vernon, 245 AD2d 407, 408 [1997]; Fazio v Town of Mamaroneck, 226 AD2d 338, 338 [1996]; Vise v County of Suffolk, 207 AD2d 341, 342 [1994]).
Accordingly, the Supreme Court properly granted that branch of the County’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. Eng, PJ., Rivera, Angiolillo and Balkin, JJ., concur. [Prior Case History: 2012 NY Slip Op 30738(11).]