■ JOHN LOGHRY, Appellant, v VILLAGE OF SCARSDALE, Respondent. [53 NYS3d 318]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Zuckerman, J.), dated September 29, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped on a sidewalk located on Spencer Place in the Village of Scarsdale, fell, and injured his shoul-

der and back. The plaintiff alleged that he tripped on a slab of bluestone that protruded up from the surrounding walkway. In his notice of claim, verified complaint, and verified bill of particulars, the plaintiff alleged, inter alia, that the defendant, the Village of Scarsdale, affirmatively created the defect through its negligent design, selection, and installation of the bluestone sidewalk, and that it negligently maintained and repaired the sidewalk. The defendant moved for summary judgment dismissing the complaint, arguing that it had not received prior written notice of the alleged defect as required by Village of Scarsdale Local Law § 209-1 and that it did not create the alleged defect. The Supreme Court granted the defendant's motion. The plaintiff appeals.

"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (*Palka v Village of Ossining*, 120 AD3d 641, 641 [2014]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). The affirmative act exception, the only exception at issue here, " 'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition' " (*id.* at 278, quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). The plaintiff alleged, in his pleadings, that the defendant negligently maintained and repaired the sidewalk and affirmatively created the defective condition that caused the accident. Thus, to establish its prima facie entitlement to judgment as a matter of law, the defendant was required to demonstrate, prima facie, both that it did not have prior written notice of the alleged defect, and that it did not create the alleged defect (*see McManus v Klein*, 136 AD3d 700 [2016]; *Lima v Village of Garden City*, 131 AD3d 947, 948 [2015]; *Steins v Incorporated Vil. of Garden City*, 127 AD3d 957, 958 [2015]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]).

Here, in support of its motion, the defendant offered an affi-

davit from a village official, in which she attested to conducting a records search on the incident location and finding no prior written notice of any defect. The defendant therefore satisfied its prima facie burden as to lack of prior written notice (*see Pagano v Town of Smithtown*, 74 AD3d 1304, 1305 [2010]). Furthermore, the defendant offered deposition testimony from two Village officials indicating that a committee selected the sidewalk design on consultation with a professional and experienced landscape architecture firm. One of those officials testified that the bluestone slabs were level when the firm subsequently installed the sidewalk. The other official, himself an engineer, testified that bluestone was "suitable" for use in the Village's climate. The defendant thereby demonstrated as part of its prima facie case that its actions did not " 'immediately result[ ] in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d at 728, quoting *Oboler v City of New York*, 8 NY3d at 889).

In opposition, the plaintiff failed to raise a triable issue of fact as to prior written notice (*see Velho v Village of Sleepy Hollow*, 119 AD3d 551, 552 [2014]; *Chirco v City of Long Beach*, 106 AD3d 941, 942 [2013]; *McCarthy v City of White Plains*, 54 AD3d 828, 829-830 [2008]), or as to whether the defendant affirmatively created the allegedly defective condition. In this regard, the plaintiff failed to identify any evidence demonstrating that the allegedly defective condition arose immediately upon installation (*see Yarborough v City of New York*, 10 NY3d at 728; *Spanos v Town of Clarkstown*, 81 AD3d 711, 713 [2011]). The plaintiff's evidence at most established that environmental effects over time created the alleged defect, which is not sufficient to establish the defendant's liability (*see Gagnon v City of Saratoga Springs*, 51 AD3d 1096, 1097-1098 [2008]; *see also San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 117-118 [2010]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.