■ JOSEPH DOHERTY et al., Appellants, v TOWN OF LEWISBORO et al., Respondents. [63 NYS3d 62]—

Appeal from an order of the Supreme Court, Westchester County (Francesca E. Connolly, J.), dated March 31, 2015. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to reargue their opposition to the defendants' motion for summary judgment dismissing the complaint, which was granted in an order of that court dated September 5, 2014, and, upon renewal, adhered to the determination in the order dated September 5, 2014.

Ordered that the appeal from so much of the order dated March 31, 2015, as denied that branch of the plaintiffs' motion which was for leave to reargue their opposition to the defendants' motion for summary judgment dismissing the complaint is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 31, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiffs are the owners of real property located in the Town of Lewisboro. In May 2012, the plaintiffs commenced this action, inter alia, to recover damages for flooding to their home which occurred in March and April of 2011 allegedly caused by a defective storm drain culvert maintained by the defendants. The defendants moved for summary judgment dismissing the complaint, arguing, among other things, lack of prior written notice of the alleged defect. In an order dated September 5, 2014, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. Thereafter, the plaintiffs moved for leave to reargue and renew their opposition to the defendants' motion. In an order dated March 31, 2015, the court denied that branch of the plaintiffs' motion which was for leave to reargue, granted that branch of the motion which was for leave to renew, and, upon renewal, adhered to the original determination in the order dated September 5, 2014.

" 'Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies' " (*Loghry v Village of Scarsdale,* 149 AD3d 714, 715 [2017], quoting *Palka v Village of Ossining,* 120 AD3d 641, 641 [2014]). "There are two 'recognized exceptions to the rule—that the municipality af-

firmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality' " (*Loghry v Village of Scarsdale*, 149 AD3d at 715, quoting *Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). "[T]he affirmative negligence exception 'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d at 728, quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Here, upon renewal, the Supreme Court properly adhered to the original determination granting the defendants' motion for summary judgment dismissing the complaint. In opposition to the defendants' prima facie showing that they lacked prior written notice of the allegedly defective condition, the plaintiffs' newly submitted evidence was insufficient to raise a triable issue of fact as to whether the defendants affirmatively created the alleged defect (*see Yarborough v City of New York*, 10 NY3d at 728; *Loghry v Village of Scarsdale*, 149 AD3d at 716; *Spanos v Town of Clarkstown*, 81 AD3d 711, 713 [2011]), or as to the applicability of the special use exception to the prior written notice requirement (*see Braunstein v County of Nassau*, 294 AD2d 323 [2002]; *Barnes v City of Mount Vernon*, 245 AD2d 407 [1997]).

The parties' remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly, upon renewal, adhered to the determination in the order dated September 5, 2014. Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.