Serrano v County of Suffolk (2020 NY Slip Op 06567)





Serrano v County of Suffolk


2020 NY Slip Op 06567


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2019-00761
 (Index No. 36305/06)

[*1]Laura Serrano, appellant, 
v
County of Suffolk, et al., respondents.


Rosenbaum & Taylor, P.C., White Plains, NY (Tracy L. Frankel of counsel), for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Michael P. Coughlin of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated November 29, 2018. The order granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On October 14, 2005, the sewer system situated in the vicinity of the plaintiff's home, located in Bayshore, flooded. Thereafter, in December 2006, the plaintiff commenced an action against the defendants to recover damages allegedly arising from that incident. On March 30, 2010, another flood of the sewer system occurred and the plaintiff commenced another action against the defendants in July 2011 to recover damages allegedly arising from the second incident. In an order dated June 8, 2015, the Supreme Court consolidated the two actions.
Thereafter, in February 2018, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and for summary judgment dismissing the complaint. The plaintiff opposed the motion. In an order dated November 29, 2018, the Supreme Court treated the defendants' motion as one for summary judgment, and awarded the defendants summary judgment dismissing the complaint. The plaintiff appeals.
We agree with the Supreme Court's determination to treat the defendants' motion solely as one for summary judgment since, in their motion papers, the defendants sought relief pursuant to both CPLR 3211(a) and 3212, and specifically requested CPLR 3211(c) treatment in their memorandum of law, the plaintiff's responsive papers clearly stated that they were being submitted in opposition to the defendants' motion for summary judgment, and the parties demonstrated with their submissions that they were "laying bare their proof and deliberately charting a summary judgment course" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258-259; see Ain v Allstate Ins. Co., 181 AD3d 875, 876; Bank of N.Y. Mellon v Green, 132 AD3d 706, 706-707).
"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for [damages] caused by a [defective or] dangerous condition which comes [*2]within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Loghry v Village of Scarsdale, 149 AD3d 714, 715 [internal quotation marks omitted]). "There are 'two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence, or that a special use resulted in a special benefit to the locality'" (Race v Village of Brewster, 185 AD3d 1071, 1071, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Brower v County of Suffolk, 185 AD3d 774, 775).
"'[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (Loghry v Village of Scarsdale, 149 AD3d at 715, quoting Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, the plaintiff alleged that the defendants affirmatively created a dangerous condition by negligently discharging sewage, and failed to timely respond to the sewage backup. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing both that they did not receive prior written notice of the alleged dangerous condition pursuant to section C8-2(A)(2) of the Suffolk County Charter, and that they did not create the alleged dangerous condition through an affirmative act of negligence (see Race v Village of Brewster, 185 AD3d at 1071; Liverpool v City of New York, 163 AD3d 790, 792; Loghry v Village of Scarsdale, 149 AD3d at 716). In opposition, the plaintiff failed to raise a triable issue of fact as to whether she complied with the prior written notice statute, or whether the defendants created the alleged dangerous condition (see Race v Village of Brewster, 185 AD3d at 1072; Liverpool v City of New York, 163 AD3d at 792; Loghry v Village of Scarsdale, 149 AD3d at 716).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court