Dubriske v Village of Port Chester (2025 NY Slip Op 25201)

[*1]

Dubriske v Village of Port Chester

2025 NY Slip Op 25201

Decided on September 2, 2025

Supreme Court, Westchester County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 2, 2025
Supreme Court, Westchester County

Sandra Dubriske, Plaintiff,

against
Village of Port Chester, Defendant.

Index No. 72532/2023

Walter Rivera, J.

The following papers numbered 1- 3 were read and considered in connection with defendant Village of Port Chester's motion for summary judgment pursuant to Civil Practice Law and Rules § 3212 seeking dismissal of all claims and causes of action interposed by plaintiff Sandra Dubriske (Motion Seq. No. 1):
PAPERS NUMBER
Notice of Motion (Motion Seq. No. 1)/Statement of Claimed Facts Not in Dispute Pursuant to Rule 202.8-g (A)/Attorney's Affirmation in Support/Memorandum of Law in Support of Motion/Exhibits A-S
(NYSCEF Doc. Nos. 23-45) 1
Plaintiff's Affirmation in Opposition/Memorandum of Law/Plaintiff's Response and Counter Statement of Material Facts/Exhibits A-F
(NYSCEF Doc. Nos. 50-58) 2
Affirmation in Reply
(NYSCEF Doc. No. 59) 3
FACTUAL AND PROCEDURAL BACKGROUND
The instant negligence action arises from plaintiff's fall on May 16, 2023, on a raised sidewalk pavement that encloses a manhole cover located across the street from the premises known as 660 King Street in the Village of Port Chester, New York (hereinafter referred to as the "Village"). There is a catch basin directly in the street in front of the sidewalk at issue. Plaintiff concedes that the Village has a written notice law shielding it from liability for injuries caused by dangerous conditions on its property, and that the Village lacked prior written notice of the dangerous condition alleged herein (see Village of Port Chester Charter, Title VII, § 16).
Plaintiff commenced the instant action by the filing of a summons and verified complaint on December 22, 2023 (NYSCEF Doc. No. 1). Defendant Village filed the instant motion for summary judgment on March 21, 2025. The Village argues, among other things, that it cannot be held liable for plaintiff's injuries as a matter of law because it did not receive prior written notice [*2]of the alleged defect as required by Title VII, § 16 of its Charter, and, further, that no legally sanctioned exception to its prior written notice law is applicable. 
In opposition, plaintiff asserts that there are two recognized exceptions to the written notice law, both of which are satisfied in the instant case. Plaintiff argues that the Village affirmatively created the defect that caused the plaintiff's accident and that the Village's use of the manhole to access the catch basin for maintenance purposes constitutes a special use of the manhole, thus demonstrating the applicability of both exceptions to the Village's prior written notice law.
In its reply, the Village argues that plaintiff provided no evidence to support her claim that defendant created the alleged defect. The Village also argues that it did not derive a special benefit from its use of the manhole cover to access and clean the catch basin and hence the special use exception to the prior written notice law is not satisfied.
ANALYSIS
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case and to warrant a court to direct judgment in its favor, as a matter of law. See Civil Practice Law and Rules § 3212 (b); See also Giuffrida v. Citibank Corp., et al, 100 NY2d 72 (2003) citing Alvarez v. Prospect Hosp., 68 NY2d 320 (1986); Zuckerman v. City of New York, 49 NY2d 557 (1980). Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers. See Winegrad v. New York University Medical Center, 64 NY2d 851 (1985).
Once a moving party has made prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. Alvarez v. Prospect Hosp., 68 NY2d 320 (1986); Gonzalez v. 98 Maq Leasing Corp., 95 NY2d 124 (2000), citing Alvarez, supra, and Winegrad v. New York University Med. Center, 64 NY2d 851 (1985). Summary judgment will be granted only if there is no triable issue of fact. Issue finding, rather than issue determination, is the key to summary judgment, and the papers on the motion should be scrutinized in the light most favorable to the party opposing the relief. Judice v. DeAngelo, 272 AD2d 583 (2d Dept 2000).
Here, it is undisputed that plaintiff did not meet the requirements of the Village's prior written notice law. Nonetheless, plaintiff asserts that the well-recognized exceptions to the Village's prior written notice law are applicable. In this vein, plaintiff posits that the Village affirmatively created the defect and that "the Village was making special use of the area in question as the pavement surrounded a manhole cover that the Village or its agents used for access to the storm drain for cleaning." (Affirmation in Opposition to Motion, NYSCEF Doc. 50, p. 8).
Thus, the issue before the Court is whether the Village has demonstrated its entitlement to summary judgement relief under CPLR 3212 on the basis that neither exception to the Village's prior written notice law applies to this case as a matter of law. For the reasons that follow, the Court finds that neither recognized exception to the prior written notice law is applicable to the facts of this case. 
" 'Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, [*3]or an exception to the prior written notice requirement applies' (Loghry v Village of Scarsdale, 149 AD3d 714, 715 [2017] [internal quotation marks omitted]). There are two 'recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality.' (Yarborough v City of New York, 10 NY3d 726, 728 [2008] [internal quotation marks omitted]). The affirmative negligence exception 'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition' (id. at 728 [internal quotation marks omitted])." See Liverpool v. City of New York, 163 AD3d 790, 791 (2d Dept 2018).
Plaintiff argues that the defect in question "was affirmatively created by having a storm drain that protruded onto the sidewalk and was too high relative to the surrounding area" (NYSCEF Doc. No. 51, pp. 4-5), and cites the depositions of three individuals who were in the employ of the Village, Robert Flores, Rocco Cambareri, and Leo Silva (NYSCEF Doc. Nos. 35-37). Each deponent discussed or confirmed that the Village repaired the area in question after the subject incident because the sidewalk pavement enclosing the manhole protruded above the sidewalk, but notably absent from the record is any evidence that the Village created this condition. In that regard, the sworn affidavit of Rocco Cambareri, the Village's General Foreman, demonstrates that, other than periodic cleaning of the sewer which is capped by the manhole cover that is enclosed by the sidewalk, the Village did not own, operate maintain or install the subject sidewalk or create the purported defect (NYSCEF Doc No. 35).
In opposition, plaintiff's counsel argues that "the defendant's hired engineer can't possibly be suggesting to this court that this manhole cover somehow migrated over time onto the sidewalk?" The evidence in this case is clear. The subject catch basin cover was incorrectly installed, and it was the Village of Port Chester's responsibility to repair it" (NYSCEF Doc. No. 50, p. 7). Aside from this conclusory allegation, plaintiff offers no evidence as to when, how, and by whom the manhole was installed in the sidewalk.
Neither does plaintiff offer any evidence that the Village's periodic cleaning of the catch basin by removing the manhole cover that is enclosed by the sidewalk pavement constitutes a special use by the Village. Here, it is undisputed that the manhole was used by the Village to access the catch basin and for no other purpose. Notably, it has been held that manholes, catch basins, and similar structures do not fall into the special use exception to the prior written notice law because they serve to provide for proper maintenance of a safe roadway (or other surface) and serve no municipal function inuring to the special benefit of the municipality (See, e.g., Ramos v City of New York, 55 AD3d 896 (2d Dept 2008) [catch basin]; Braunstein v County of Nassau, 294 AD2d 323 (2d Dept 2002) [catch basin]; Lado v City of Rome, 269 AD2d 743 (4th Dept 2000) [water valve vault in street, the cover of which was missing]; ITT Hartford Ins. Co. v Village of Ossining, 257 AD2d 606 (2d Dept 1999) [manhole cover]; Barnes v City of New York, 245 AD2d 407 (2d Dept 1997) [drainage grating]; Vise v County of Suffolk, 207 AD2d 341 (2d Dept 1994) [catch basin/sewer cover]).
As the above cited cases illustrate, the special use exception to the prior written notice law requires that the special use confer a special benefit upon a locality (emphasis added). See, also, Amabile v. City of Buffalo, 93 NY2d 471, 474 (1999) [internal citations omitted]. Here, plaintiff has not explained or established how accessing the manhole and removing the cover for the periodic cleaning of the catch basin conferred a special benefit on the Village. In this vein, a special benefit has been found where, for example, " . . . the entity has been permitted to interfere with a street solely for private use and convenience which is in no way connected with [*4]the public use." See Posner v. New York City Transit Auth., 27 AD3d 542, 543 (2006) (citing Kaufman v Silver, 90 NY2d 204, 207 (1997); Ausderan v City of New York, 219 AD2d 562, 563 (1995)). This is clearly not the case here.
Plaintiff's reliance on Ocasio v. City of Middletown, 148 AD2d 431 (2d Dept. 1989) does not dictate a different result. In Ocasio, the Appellate Division, Second Department, ruled that the dangerous condition created by a missing manhole cover did not constitute a defect within the meaning of that municipality's prior written notice law, which was strictly construed to refer only to physical conditions in the surface of a sidewalk, such as holes and breaks in the sidewalk. An additional ground for denying the city's motion to dismiss the complaint was a determination that the city's use of the manhole based on the evidence presented therein constituted a special use of the sidewalk by the municipality and, as such, the prior written notice requirements was held to be inapplicable.
Here, the Village of Port Chester's prior written notice law is much broader than the prior written notice law in the city code addressed in Ocasio. The Village of Port Chester Charter, Title VII, § 16, describes Village property as, "including, but without limitation, buildings, steps, ramps, stairs, marinas, walkways, storm sewers, sanitary sewers, drain lines, easements, walls, parking lots, recreational facilities, parks, playgrounds, athletic fields and equipment, lights, traffic control devices, streets, highways, bridge, culvert, sidewalk, crosswalk, curbs, gutters, drains . . . ." As such, the alleged defect herein falls within the ambit of Village's prior written notice law and plaintiff was required to demonstrate that the recognized exceptions apply.
As the Court of Appeals noted in Oboler v. City of New York, "even assuming that the special use doctrine applies to a manhole situated in a city public street, plaintiffs presented no proof of any special benefit conferred on the City." 8 NY3d 888, 890 (2007). Here, the plaintiff has similarly failed to present proof that the Village derived a special benefit from its use of the manhole to access and clean the catch basin.
CONCLUSION
Here, the Village established its prima facie entitlement to judgment as a matter of law dismissing the complaint since it is undisputed that it had not received prior written notice of the defective condition that allegedly caused the injured plaintiff's fall, as required by Title VII, § 16 of its Charter (see Kolenda v Incorporated Vil. of Garden City, 215 AD3d 647 [2d Dept 2023]; Parthesius v Town of Huntington, 210 AD3d 789, 790 [2d Dept 2022]; O'Sullivan v City of Long Beach, 209 AD3d 757, 758 [2d Dept 2022]). Accordingly, the burden of going forward shifted to the opponents of the motion to raise a triable issue of fact as to whether one of the exceptions to the prior written notice requirement applied (see Groninger v Village of Mamaroneck, 17 NY3d 125 [2011]; Zuckerman, 49 NY2d at 562; Kolenda, 215 AD3d at 648). 
Even when viewed in the light most favorable to the plaintiff, the record is devoid of any evidentiary proof in admissible form sufficient to establish that the Village created the alleged defect, nor any evidence that the Village derived a special benefit by its use of the manhole to access and clean the catch basin. Hence the special use exception does not apply.
All other arguments raised on the motion and evidence submitted by the parties in connection therewith have been considered by the court, notwithstanding the specific absence of reference thereto.
Accordingly, it is hereby
ORDERED that the motion for summary judgment by the defendant, Village of Port Chester, is granted in all respects, and all claims asserted against it are dismissed.
Dated: September 2, 2025
White Plains, New York
ENTER:
HON. WALTER RIVERA, J.S.C.